| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

District of Delaware

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**

VER Technologies HoldCo LLC

**2. All other names debtor used in the last 8 years**

Video Equipment Rentals Holdings LLC
Flash Parent Holdings, LLC

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

47-2467239

**4. Debtor's address**

Principal place of business

757 W California Ave.
Number          Street

Bldg 4

Glendale          CA      91023
City                State    Zip Code

Los Angeles
County

Mailing address, if different from principal place of business

Number          Street

P.O. Box

City                State    Zip Code

Location of principal assets, if different from principal place of business

Number          Street

City                State    Zip Code

**5. Debtor's website** (URL)

https://www.ver.com/

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | VER Technologies HoldCo LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5324—Commercial and Industrial Machinery and Equipment Rental and Leasing**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | | | | MM/DD/YYYY | | |
| | District | _____ | When | _____ | Case number | _____ |
| | | | | MM/DD/YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | | |
|---|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** | |
| District | **District of Delaware** | When | **04/05/2018** | |
| Case number, if known | _____ | | MM / DD / YYYY | |

| Debtor | VER Technologies HoldCo LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | | |
|---|---|---|
| Number | Street | |
| | | |
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

| Debtor | VER Technologies HoldCo LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/05/2018
                MM/ DD / YYYY

X _____        Digby Davies
Signature of authorized representative of debtor        Printed name

Title    Chief Executive Officer

**18. Signature of attorney**

X _____        Date    04/05/2018
Signature of attorney for debtor                MM/ DD/YYYY

Domenic E. Pacitti
Printed name

Klehr, Harrison, Harvey, Branzburg LLP
Firm name

919 N. Market Street, Suite 1000
Number            Street

| Wilmington | | DE | 19801 |
|---|---|---|---|
| City | | State | ZIP Code |

302-552-5511                        DPacitti@klehr.com
Contact phone                        Email address

3989                    Delaware
Bar number            State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>              District of Delaware<br>                    (State)</td></tr>
<tr><td>Case number <em>(if known)</em>: _____</td><td>Chapter    11</td></tr>
</table>

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of VER Technologies HoldCo LLC.

- VER Technologies HoldCo LLC

- CPV Europe Investments LLC

- FAAST Leasing California, LLC

- Full Throttle Films, LLC

- Maxwell Bay Holdings LLC

- Revolution Display, LLC

- VER Finco, LLC

- VER Technologies LLC

- VER Technologies MidCo LLC

| Fill in this information to identify the case: |
| --- |
| Debtor name    VER Technologies HoldCo LLC. *et al.* |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (if known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                                      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  **ROE VISUAL CO LTD** 3/F BLDG 7ZHONG YUNTAI COMPUS SHIYAN TOWN SHENZHEN CHINA | T: 86 -755 839-24892 F: 86-755-83924891 roe@roevisual.com | Trade Payable | | $0 | $0 | $6,955,104 |
| 2  **AMERICAN EXPRESS CORPORATE CARDS** ATTN LEGAL DEPARTMENT 200 VESEY STREET NEW YORK, NY 10080 UNITED STATES | T: 909-599-5207 F: 909-305-4808 randall.a.tymchak@aexp.com | Credit Card Balance | | $0 | $0 | $3,854,675 |
| 3  **HSBC CORPORATE CARD** ATTN TEMESGEN HAILE 95 WASHINGTON ST, ATRIUM 5-SE BUFFALO, NY 14203 UNITED STATES | T: 716-841-2454 F: 212-642-1869 temesgen.haile@us.hsbc.com | Credit Card Balance | | $0 | $0 | $3,589,486 |
| 4  **BARCO INC.** 3059 PREMIERE PARKWAY SUITE 500 DULUTH GA 30097 UNITED STATES | T: (916) 471-6906 F: (916) 859-2515 | Trade Payable | | $0 | $0 | $3,107,293 |
| 5  **LUXMAX NETWORKS CO., LTD.** 1102 MEGA CENTER SK TECHNOPARK 190-1 SEONGNAM CITY 462-705 KOREA, REPUBLIC OF | T: (818) 519-3162 F: 82-31-776-2830 | Trade Payable | | $0 | $0 | $1,154,880 |
| 6  **VAULT CO.** GP FUND SOLUTIONS 12 CORNELL RD 1ST FLOOR LATHAM NY 12110 UNITED STATES | T: (518) 410-2696 F: 917-210-3647 jen@gpfundsolutions.com | Trade Payable | | $0 | $0 | $939,987 |

Debtor VER Technologies HoldCo LLC, *et al.*                                      Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | **CHRISTIE DIGITAL SYSTEMS USA, INC.** 10550 CAMDEN DRIVE CYPRESS CA 90630 UNITED STATES | T: (714) 236-8610 F: (714) 229-3185 jacqueline.DaSilva@christi edigital.com | Trade Payable | | $0 | $0 | $893,438 |
| 8 | **VENABLE LLP** 750 EAST PRATT STREET SUITE 900 BALTIMORE MD 21202 UNITED STATES | T: (410) 528-2805 F: 410-244-7742 | Trade Payable | | $0 | $0 | $690,935 |
| 9 | **HANKIN, STEVEN M.** 2731 OUTPOST DRIVE LOS ANGELES, CA 90068 UNITED STATES | T: 203-422-7700 F: 203-422-7784 | Severance | | $0 | $0 | $475,000 |
| 10 | **TESH, SUSAN** 5851 OAK KNOLLS ROAD SANTA SUSANA, CA 93063 UNITED STATES | T: F: | Severance | | $0 | $0 | $425,000 |
| 11 | **CRANE SOLUTIONS, LLC** CRANE SOLUTIONS, LLC 1500 RANKIN ROAD, SUITE 400 HOUSTON TX 77073 UNITED STATES | T: (281) 233-9490 F: 888-814-8916 info@cranesolutionsllc.co m | Trade Payable | | $0 | $0 | $356,944 |
| 12 | **PRICEWATERHOUSE COOPERS LLP** 601 S FIGUEROA ST, SUITE 900 LOS ANGELES, CA 90017 UNITED STATES | T: 213-356-6000 F: 813-637-4444 | Trade Payable | | $0 | $0 | $319,602 |
| 13 | **GREEN HIPPO MEDIA TECHNOLOGY INC.** 425 E COLORADO ST SUITE 610 GLENDALE CA 91205 UNITED STATES | T: (818) 239-4778 F: (818) 452-4374 kitty@green-hippo.com; us.sales@green-hippo.com | Trade Payable | | $0 | $0 | $318,655 |
| 14 | **APIX, INC.** 5F, NO 1, JINSHAN 7TH STREET EAST DIS. HSINCHU 30080 TAIWAN | T: 886-3-571-9828 F: 886-3-5773766 apix.sales@apix.com.tw | Trade Payable | | $0 | $0 | $316,906 |
| 15 | **COLUMBUS MCKINNON CORPORATION** 205 CROSSPOINT PARKWAY GETZVILLE NY 14068 UNITED STATES | T: (800) 888-0985 F: (330) 424-3126 roger.kurdys@cmworks.co m | Trade Payable | | $0 | $0 | $311,709 |
| 16 | **SONY ELECTRONICS, INC.** SONY ELECTRONICS, INC. - EQ 16530 VIA ESPRILLO SAN DIEGO CA 92127 UNITED STATES | T: (858) 942-1308 F: 858-942-8186 | Trade Payable | | $0 | $0 | $298,560 |
| 17 | **FORWARD AIR, INC.** 1915 SNAPPS FERRY RD, BUILDING N GREENEVILLE TN 37745 UNITED STATES | T: (423) 636-7071 F: 423-783-9019 sgass@forwardair.com | Trade Payable | | $0 | $0 | $239,689 |

Debtor VER Technologies HoldCo LLC, *et al.*                                 Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | **HARTZ MOUNTAIN INDUSTRIES INC.** 50 MEADOWLAND PARKWAY LLC 400 PLAZA DRIVE, PO BOX 1515 SECAUCUS NJ 07096-1515 UNITED STATES | T: (201) 666-5717 F: 201-348-4358 jodi.spaloss@hartzmountain.com | Trade Payable | | $0 | $0 | $219,542 |
| 19 | **TMB** 527 PARK AVE SAN FERNANDO CA 91340 UNITED STATES | T: (818) 899-8818 F: (818) 899-8813 zv@tmb.com | Trade Payable | | $0 | $0 | $218,977 |
| 20 | **ULINE** ATTN: ACCOUNTS RECEIVABLE 12575 ULINE DRIVE PLEASANT PRAIRIE, WI 53158 UNITED STATES | T: (888) 884-6910 F: 800-520-3786 crcpayments@uline.com | Trade Payable | | $0 | $0 | $183,568 |
| 21 | **GROUP ONE LIMITED** 70 SEA LANE FARMINGDALE NY 11735 UNITED STATES | T: (631) 396-0184 F: (631) 396-0190 | Trade Payable | | $0 | $0 | $181,267 |
| 22 | **OMNI LOGISTICS, INC.** 15912 INTERNATIONAL PLAZA DR HOUSTON TX 77032-2439 UNITED STATES | T: (817) 410-9225 F: (817) 410-9226 lrhoda@omnilogistics.com | Trade Payable | | $0 | $0 | $173,082 |
| 23 | **SHI CORP** 290 DAVIDSON AVE SOMERSET NJ 08873 UNITED STATES | T: (732) 564-8030 F: (732) 805-9669 | Trade Payable | | $0 | $0 | $165,055 |
| 24 | **TQL TOTAL QUALITY LOGISTICS** 4289 IVY POINTE BLVD CINCINNATI OH 45245 UNITED STATES | T: (513) 831-2600 F: 513-248-5347 jestep@tql.com | Trade Payable | | $0 | $0 | $161,780 |
| 25 | **BELTMANN INTEGRATED LOGISTICS** 1225 GREENBRIAR DRIVE, STE M ADDISON IL 60101 UNITED STATES | T: (630) 576-5123 F: 866-719-3116 jillian.chrischilles@beltmann.com | Trade Payable | | $0 | $0 | $160,400 |
| 26 | **SCHINDLER ELEVATOR CORPORATION** 20 WHIPPANY ROAD MORRISTOWN NJ 07960 UNITED STATES | T: (973) 397-6177 F: (973) 397-6390 uswebmaster@us.schindler.com | Trade Payable | | $0 | $0 | $151,865 |
| 27 | **EVERTZ MICROSYSTEMS LTD.** 5292 JOHN LUCAS DR BURLINGTON ON L7L 5Z9 CANADA | T: (905) 335-3700 x 427 F: (905) 335-0909 hbugai@evertz.com | Trade Payable | | $0 | $0 | $146,322 |
| 28 | **AV STUMPFL** AV STUMPFL USA CORP 960 INDUSTRIAL DRIVE UNIT # 3 ELMHURST IL 60126-1010 UNITED STATES | T: (800) 553-0961 F: (630) 359-0997 lorraine@avstumpflusa.com | Trade Payable | | $0 | $0 | $144,812 |
| 29 | **LECTROSONICS, INC.** 561 LASER ROAD NE SUITE 102 RIO RANCHO NM 87124 UNITED STATES | T: (800) 821-1121 F: (505) 892-6243 ar@lectrosonics.com | Trade Payable | | $0 | $0 | $139,970 |

Debtor <u>VER Technologies HoldCo LLC, *et al.*</u>                    Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | **GALAXIA ELECTRONICS CO., LTD.** C/O LEE & KO HANJIN BUILDING 63 NAMDAEMUN-RO, JUNG-GU SEOUL 04532 KOREA | T: +82-2-772-4000 F: +82-2-772-4001/2 mail@leeko.com | Litigation | CUD | $0 | $0 | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VER TECHNOLOGIES HOLDCO LLC, | ) Case No. 18-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| VER Technologies HoldCo LLC | CP-VER Aggregating L.P. | 599 West Putnam Avenue Greenwich, Connecticut 06839 | 92.9% |
| | New FAAST, LLC | 912 Ruberta Avenue Glendale, California 91201 | 6.2% |
| | Steven M. Hankin | 2731 Outpost Drive Los Angeles, California 90068 | 0.5% |
| | Vince & Judith Dundee | PO Box 3247 Glendale, California 91221 | 0.1% |
| | New Rev, Inc. | PO Box 3247 Glendale, California 91221 | 0.3% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC, | ) | Case No. 18-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| CP-VER Aggregating L.P. | 92.9% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC | ) | Case No. 18-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[2] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482). The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | VER Technologies HoldCo LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____   List of Equity Security Holders, Corporate Ownership Statement, and Creditor Matrix.

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | | |
|---|---|---|
| 04/05/2018 | ☒ | |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor | |
| | **Digby Davies** | |
| | Printed name | |
| | **Chief Executive Officer** | |
| | Position or relationship to debtor | |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
OF THE BOARDS OF DIRECTORS, SOLE MEMBER,
AND SOLE MEMBER AND MANAGER**
April 2, 2018

The undersigned, being the board of directors, board of managers, sole member, or limited partner, as applicable (each, the "Governing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to (as applicable) the bylaws, limited liability company agreement, limited partnership agreement or similar document (in each case as amended or amended and restated to date) of each Company (each, as applicable, the "Governing Document") and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

## Chapter 11 Filing

**WHEREAS**, each Governing Body considered presentations by each Company's management (collectively, the "Management") and financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the Management and the Advisors of the Companies and fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has determined in an exercise of its business judgment that it is in the best interest of each Company to explore strategic and/or financial alternatives in light of each Company's cash flow, liquidity, and general financial condition, including the possibilities of seeking alternative financing, or undertaking a sale, restructuring, reorganization, or other recapitalization transaction and related financing, and to take such other actions with respect thereto as shall be authorized in the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that such Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, or another court of proper jurisdiction (the "Bankruptcy Court");

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interest of each Company to appoint Mr. Lawrence Young to the office of Chief Restructuring Officer of each Company, and Mr. Lawrence Young be, and hereby is, appointed to the office of Chief Restructuring Officer of each Company, upon such terms and conditions as set forth in the engagement letter (the "CRO Engagement Letter");

RESOLVED, that Mr. Lawrence Young as Chief Restructuring Officer of each Company shall report to each Governing Body and shall serve at the pleasure and direction of each Governing Body on such terms and conditions as set forth in the CRO Engagement Letter;

RESOLVED, that Mr. Lawrence Young's authority as Chief Restructuring Officer of each Company shall include overseeing all restructuring activities of each Company and overseeing and developing related communications of each Company with its customers, vendors, employees, and other creditors, stakeholders, and parties in interest;

RESOLVED, that Mr. Lawrence Young's authority as Chief Restructuring Officer of each Company shall include, in coordination with the Advisors and members of the each Company's Management, making decisions with respect to each Company's business related to: (i) the development of, or revisions to, each Company's business plan and (ii) other restructuring initiatives of each Company, including negotiations with, and proposals to, each Company's creditors, stakeholders, and other parties in interest, in each case, subject to the direction and final approval of each Governing Body in all respects; and

**RESOLVED,** that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, General Counsel, Treasurer, Vice President, Secretary, Chief Operating Officer, or any other duly-appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

## Restructuring Support Agreement

**WHEREAS,** each Governing Body of each Company has determined that it is advisable and in the best interests of each Company, its creditors, and other parties in interest to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among each of the Companies, certain of their affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Governing Body on or in advance of the date hereof.

**RESOLVED,** that each Company shall be, and hereby is, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each Company, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection

2

therewith, each Authorized Officer, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of each Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

## Cash Collateral & Debtor-in-Possession Financing

**WHEREAS**, each Company will obtain benefits from each Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (collectively, the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)  that certain Amended and Restated Credit Agreement, dated as of December 11, 2014 (as may be amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time), by and among VER Technologies Midco LLC (formerly known as Video Equipment Rentals MidCo LLC), a Delaware limited liability company and VER Technologies LLC (formerly known as Video Equipment Rentals LLC), a Delaware limited liability company (the "Lead Borrower"), Full Throttle Films, LLC, FAAST Leasing California, LLC, Revolution Display, LLC, VER Finco, LLC, CPV Europe Investments LLC, Maxwell Bay Holdings LLC, and VER Flex Solutions, LLC, as borrowers, and Bank of America, N.A., as the administrative agent and collateral agent, the lenders from time-to-time party thereto, and the non-debtor guarantor parties thereto; and

(b)  that certain Credit Agreement, dated as of December 11, 2014 (as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time), by and among Holdings and the Lead Borrower, Full Throttle Films, LLC, FAAST Leasing California, LLC, Revolution Display, LLC, VER Finco, LLC, CPV Europe Investments LLC, Maxwell Bay Holdings LLC, and VER Flex Solutions, LLC, as borrowers, and Wilmington Trust, N.A., as the administrative agent and collateral agent, the lenders from time to time party thereto and the non-debtor guarantor parties thereto.

**WHEREAS**, reference is made to those certain debtor-in-possession financing proposals that set forth the terms and conditions of the debtor-in-possession financing to be provided to VER Technologies HoldCo LLC, CPV Europe Investments LLC, FAAST Leasing California, LLC, Full Throttle Films, LLC, Maxwell Bay Holdings LLC, Revolution Display, LLC, VER Finco, LLC, VER Technologies LLC, and VER Technologies MidCo LLC, (the "Borrowers") by the lenders listed therein (the "DIP Lenders");

**WHEREAS**, the Borrowers have requested that the DIP Lenders provide a senior secured debtor-in-possession revolving credit facility and a second lien secured

superpriority delayed-draw term loan facility (together, the "DIP Facilities") to the Companies;

**WHEREAS,** the obligation of the DIP Lenders to make the extensions of credit to the Borrowers is subject to, among other things, each Company entering into binding credit agreements and/or commitment letters, and otherwise satisfying certain conditions in connection therewith (together, the "DIP Obligations");

**WHEREAS,** each Company will obtain benefits from the DIP Obligations, and it is advisable and in the best interest of each Company to enter into the DIP Obligations and any documents related thereto, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS,** the Borrowers and the DIP Lenders are continuing negotiations regarding the final form of the DIP Obligations;

**NOW, THEREFORE, BE IT RESOLVED,** that the terms and provisions of the DIP Obligations presently before the Boards, and the transactions contemplated thereunder (including, without limitation, the borrowings thereunder), and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED,** that each Company will obtain benefits from the DIP Obligations and it is advisable and in the best interest of each Company to enter into the DIP Obligations and each other document required in connection therewith, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED,** that each Company's shall be, and hereby is, authorized to enter into incur the DIP Obligations, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED,** that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of

the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreements and the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to each Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED**, that any Authorized Officer or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Obligations, the proposed loan documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively, and together with the DIP Credit Agreements, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and

**RESOLVED**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

## Retention of Professionals

**WHEREAS,** each Governing Body of each Company has determined that it is advisable and in the best interest of each such Company to retain certain professionals in connection with the foregoing.

**NOW, THEREFORE BE IT RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis

LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of PJT Partners LP, as each Company's financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners LP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of AP Services, LLC, to provide interim management services; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain AP Services, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of KCC, LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KCC, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other

professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Cases, with a view to the successful prosecution of such cases.

### General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED**, that each Company and the Governing Body of each Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Governing Body; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that to the extent any Company serves as the the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling Company") of any other Company, each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

**VER Technologies HoldCo, LLC**

By: _____
Name:  J. Michael Chu
Title: Board Member

By: _____
Name: Marc Magliacano
Title: Board Member


By: _____
Name: James Hexter
Title: Board Member

By: _____
Name:  Matt Leeds
Title: Board Member


By: _____
Name: Thomas Mottola
Title: Board Member


By: _____
Name: Robert Krakauer
Title: Chief Financial Officer and Board Member


By: _____
Name: Eugene Davis
Title: Independent Board Member

**VER Technologies HoldCo, LLC**

By:_____
Name:  J. Michael Chu
Title: Board Member


By:_____
Name: Marc Magliacano
Title: Board Member


By_____
Name: James Hexter
Title: Board Member


By:_____
Name:  Matt Leeds
Title: Board Member


By:_____
Name: Thomas Mottola
Title: Board Member


By:_____
Name: Robert Krakauer
Title: Chief Financial Officer and Board Member


By:_____
Name: Eugene Davis
Title: Independent Board Member

**VER Technologies HoldCo, LLC**

By:_____
Name:  J. Michael Chu
Title: Board Member


By:_____
Name: Marc Magliacano
Title: Board Member


By:_____
Name: James Hexter
Title: Board Member


By:_____
Name:  Matt Leeds
Title: Board Member


By:_____
Name: Thomas Mottola
Title: Board Member


By:_____
Name: Robert Krakauer
Title: Chief Financial Officer and Board Member


By:_____
Name: Eugene Davis
Title: Independent Board Member

**VER Technologies HoldCo, LLC**

By:_____
Name:  J. Michael Chu
Title: Board Member


By:_____
Name: Marc Magliacano
Title: Board Member


By:_____
Name: James Hexter
Title: Board Member


By:_____
Name:  Matt Leeds
Title: Board Member


By:_____
Name: Thomas Mottola
Title: Board Member

By:_____
Name: Robert Krakauer
Title: President, Chief Financial Officer, and Board Member


By:_____
Name: Eugene Davis
Title: Independent Board Member

**VER Technologies HoldCo, LLC**

By:_____
Name:  J. Michael Chu
Title: Board Member


By:_____
Name: Marc Magliacano
Title: Board Member


By:_____
Name: James Hexter
Title: Board Member


By:_____
Name:  Matt Leeds
Title: Board Member


By:_____
Name: Thomas Mottola
Title: Board Member


By:_____
Name: Robert Krakauer
Title: Chief Financial Officer and Board Member


By:_____
Name: Eugene Davis
Title: Independent Board Member

**CPV Europe Investments, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies, LLC, the sole member of CPV Europe
Investments, LLC


**FAAST Leasing California, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies, LLC, the sole member of FAAST
Leasing California, LLC


**Full Throttle Films, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies, LLC, the sole member of Full Throttle
Films, LLC


**Maxwell Bay Holdings, LLC**

By:_____
Name:  Robert Krakauer
Title: As Manager of CPV Europe Investments, LLC, the sole member of Maxwell Bay
Holdings, LLC


**Revolution Display, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies, LLC, the sole member of Revolution
Display, LLC

**VER Finco, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies, LLC, the sole member of VER Finco, LLC

**VER Technologies, LLC**

By:_____
Name:  Robert Krakauer
Title: As Chief Financial Officer of VER Technologies Midco, LLC, the sole member of VER Technologies, LLC

**VER Technologies MidCo, LLC**

By:_____
Name:  Robert Krakauer
Title:  Chief Financial Officer of VER Technologies HoldCo, LLC, the sole member of VER Technologies MidCo, LLC

## ANNEX A

| COMPANY | JURISDICTION |
| --- | --- |
| VER Technologies Holdco LLC | Delaware |
| CPV Europe Investments LLC | Delaware |
| FAAST Leasing California, LLC | California |
| Full Throttle Films, LLC | Delaware |
| Maxwell Bay Holdings LLC | Delaware |
| New FTF, Inc. | Delaware |
| Revolution Display, LLC | Delaware |
| VER Finco, LLC | Delaware |
| VER Flex Solutions, LLC | Delaware |
| VER Technologies LLC | Delaware |
| VER Technologies Midco LLC | Delaware |