# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) | Case No. 18-10834 (KG) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE TO CREDITORS AFFECTED BY
## THE DEBTORS' FILING OF AMENDMENTS TO CERTAIN
## OF THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES

> YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS HAVE FILED
> AMENDED SCHEDULES IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.
> **PLEASE TAKE NOTICE THAT YOUR RIGHTS MAY BE AFFECTED
> BY THE FILING OF THESE AMENDED SCHEDULES. THEREFORE, YOU ARE
> ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED
> IN THIS NOTICE AND THE AMENDED SCHEDULES ATTACHED HERETO.**

**PLEASE TAKE NOTICE** that, on April 30, 2018, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed its respective *Schedule of Assets and Liabilities* and *Statements of Financial Affairs* [Docket Nos. 164-181] (collectively, the "Original Schedules") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PLEASE TAKE FURTHER NOTICE** that, on May 16, 2018, the Debtors filed certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); VER Technologies MidCo LLC (7482); VER Technologies LLC (7501); Full Throttle Films, LLC (0487); FAAST Leasing California, LLC (7857); Revolution Display, LLC (6711); VER Finco, LLC (5625); CPV Europe Investments LLC (2533); and Maxwell Bay Holdings LLC (3433). The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

KE 53859428

amendments to the Original Schedules (the "Amended Schedules"), pursuant to Bankruptcy Rule 1009(a), Rule 1009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the Court's Bar Date Order.[2]  A copy of each of the Amended Schedules is attached hereto as **Exhibit A**.

       **PLEASE TAKE FURTHER NOTICE** that the information contained and liabilities scheduled in the Amended Schedules shall be deemed included in the Original Schedules as of April 30, 2018.

       **PLEASE TAKE FURTHER NOTICE** that the Debtors have amended the Original Schedules only as set forth in the Amended Schedules, and none of the other Original Schedules. Moreover, the Amended Schedules affect *only* those claims from Original Schedules that appear on the Amended Schedules.

       **PLEASE TAKE FURTHER NOTICE** that if the Debtors have listed your claim on the Amended Schedules as "disputed, contingent, or unliquidated," or if you disagree with the amount, nature, or priority of the claim as set forth in the Amended Schedules, ***you must file a proof of claim on or before June 8, 2018, at 5:00 p.m. (prevailing Eastern time)*** in order to preserve your right, if any, to receive payment from the Debtors' estates; *provided*, that all governmental units must file a proof of claim on or before October 2, 2018, at 5:00 p.m. (prevailing Eastern time).

       **PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit B** is the Bar Date Order, which sets forth certain procedures that you must follow if you wish to file a proof of claim.

       **PLEASE TAKE FURTHER NOTICE** that, notwithstanding the filing of the Amended

---

[2]   "Bar Date Order" means the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), Setting a Bar Date for the Filing of Proofs by Governmental Units, (III) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, (V) Approving Notice of Bar Dates, and (VI) Granting Related Relief* [Docket No. 224].

Schedules, the Debtors reserve the right to further amend, in their sole discretion, the schedules of assets and liabilities filed in these chapter 11 cases, consistent with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE** that copies of the Amended Schedules are available for inspection free of charge on the website maintained in these chapter 11 cases at http://www.kccllc.net/ver. The Amended Schedules also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Amended Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

[*Remainder of page intentionally left blank.*]

Dated: May 16, 2018        */s/ Domenic E. Pacitti*

Wilmington, Delaware      Domenic E. Pacitti (DE Bar No. 3989)

**KLEHR HARRISON HARVEY BRANZBURG LLP**

919 North Market Street, Suite 1000

Wilmington, Delaware 19801

Telephone:    (302) 426-1189

Facsimile:     (302) 426-9193

-and -

Morton Branzburg

**KLEHR HARRISON HARVEY BRANZBURG LLP**

1835 Market Street, Suite 1400

Philadelphia, Pennsylvania 19103

Telephone:    (215) 569-2700

Facsimile:     (215) 568-6603

-and-

Joshua A. Sussberg, P.C.

Cristine Pirro (admitted *pro hac vice*)

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

601 Lexington Avenue

New York, New York  10022

Telephone:    (212) 446-4800

Facsimile:     (212) 446-4900

Email:        joshua.sussberg@kirkland.com

              cristine.pirro@kirkland.com

- and -

James H.M. Sprayregen, P.C.

Ryan Blaine Bennett (admitted *pro hac vice*)

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

300 North LaSalle

Chicago, Illinois 60654

Telephone:    (312) 862-2000

Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors*

# EXHIBIT A

## Amended Schedules

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) | Case No. 18-10843 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

VER Technologies Holdco LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes, methodology, and specific disclosures regarding the Debtors' Schedules and Statements (these "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482). The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Lawrence Young, the Chief Restructuring Officer for VER Technologies HoldCo LLC, has signed each of the Schedules and Statements. Mr. Young is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Young necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Young has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2. **Description of Cases and "As Of" Information Date**. On April 5, 2018 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 58]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2018, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these chapter 11 cases [Docket No. 89].

The asset information provided in the Schedules represents the assets data of the Debtors as of February 28, 2018, except as otherwise noted. The liability information provided in the Schedules represents the liability data of the Debtors as of April 4, 2018, except as otherwise noted.

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 28, 2018. Additionally, because the book values of assets such as trademarks, copyrights, patents and other intellectual property may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have been fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

4. **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities**. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Prepetition liabilities that have been paid postpetition or that the Debtors plan to pay via such Court authorization may have been excluded from the Schedules and Statements.

7. **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Further, although the Debtors have made every effort to attribute intellectual property to the rightful debtor entity owner, in some instances intellectual property owned by one debtor entity may in fact be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10. **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E as "priority," (c) a Claim on Schedule F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

11. **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

12. **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

- Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made pursuant to such orders.

- Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **Intercompany**.  Certain intercompany accounts are set forth on Schedule E/F or Schedule A/B, as applicable.  The listing of or the failure to list intercompany receivables or payables is not and shall not be construed as an admission of the characterization of such balances, as debt, equity, or otherwise.  The Debtors are continuing to review the accounting treatment for intercompany receivables and reserve all rights with respect to the treatment or characterization of such items.

16. **Setoffs**.  The Debtors periodically incur certain setoffs in the ordinary course of business.  Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers.  These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.  Current and former employees are listed at their last known address.

18. **Global Notes Control**.  In the event that the information in the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedules A/B**.

**Part 1**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management Systems, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 15] (the "Cash Management Motion").  The balance listed Item 2 includes certain restricted cash to collateralize

certain letter of credit obligations and it not available to the Debtors in the ordinary course. The balances listed in Item 3 reflect data of the Debtors as of the close of business on April 4, 2018.

**Part 2**. The Court entered an interim order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Request, and (IV) Granting Related Relief* [Docket No. 7], which authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $200,000 [Docket No. 59] (the "Utility Order"). Such deposits are not listed on Schedule A/B, which is presented as of the Petition Date.

Additional information regarding the insurance policies listed on Schedule A/B is available in the *Debtors' Motion for Entry of Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend or Purchase Insurance Policies, (C) Honor the Terms of the Premium Financing Agreement and Pay Premiums Thereunder, and (D) Enter into New Premium Financing Agreements in the Ordinary Course of Business, and (II) Granting Related Relief* [Docket No. 13].

**Part 3**. The information provided in Part 3 represents the data of the Debtors as of the close of business on April 4, 2018.

**Part 8**. The Debtors have listed the value of their personal property as the net book value reflected on the Debtors' books and records.

**Part 10**. Intellectual property may include the Debtors' rights under various agreements set forth at Schedule G.

**Part 11**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B. The information provided in Item 74 (regarding causes of action) represents the data of the Debtors as of the close of business on April 4, 2018.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various

creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. The secured debt is jointly and severally the responsibility of multiple Debtors, and as such the liability has been listed on each Debtor who is an obligor or guarantor of such debt. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the Debtors' debt, only the applicable agents or trustees have been listed for purposes of Schedule D. The amounts outstanding under the in the Debtors' Schedules reflect approximate amounts as of the Petition Date.

**Schedule E/F Part 1**. The Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on April 6, 2018, the Court entered the *Interim Order (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 67] (the "Wages Order"), authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits. Additionally, on April 6, 2018, the Court entered the *Interim Order (I) Authorizing, but not Directing, the Payment of Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Granting Related Relief* [Docket No. 62], authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid or may be paid pursuant to further Court order, they may not be included on Schedule E/F.

**Schedule E/F Part 2.** The Debtors have used commercially reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities

and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Certain of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule E/F contains information regarding intercompany claims. The amounts reflected with regard to intercompany claims in Part 2 of Schedule E/F represents the data of the Debtors as of the close of business on February 28, 2018.

Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected. Moreover, counterparties to executory contracts are not included on Schedule E/F, but are incorporated therein by reference.

Amounts set forth on Schedule E/F may not reflect balances that have been paid pursuant to certain "first day" orders or other similar relief granted by the Bankruptcy Court, including, without limitation, the Wages Order, the Utilities Order, the *Interim Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Foreign Vendors, Shippers, Lien Claimants, and 503(b)(9) Claimants and (II) Granting Related Relief* [Docket No. 60], or the *Interim Order (I) Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 69]. To the extent that Claims listed on Schedule E/F are on account of prepetition amounts and are being paid postpetition, the amount for such Claims have been listed as disputed.

Pursuant to the Wages Order, the Debtors are generally addressing workers' compensation Claims in the ordinary course and as a result such Claims are not included on Schedule E/F.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts

at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. The Debtors reserve all of their rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an enterprise of the Debtors' size and scope, the Debtors are party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtors have therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements,

supplemental agreements, settlement agreements, amendments/letter agreements, title agreements, and limited short-term contracts that are entered into for the purposes of, and expire after, certain one-time music or entertainment events.  Such documents may not be set forth on Schedule G.  Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In the normal course of business, the Debtors utilize purchase orders in order to obtain goods from various vendors.  Due to the brief time periods involved with purchased orders and the volume and frequency of these transactions, individual purchase orders that were active as of the Petition Date are not listed in Schedule G.  The Debtors reserve all rights as to active purchase orders as of the Petition Date.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease.  The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract. In certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature, but can be made available to the U.S. Trustee on a confidential basis.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under their funded debt are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.  Further, although there may be multiple lenders and/or holders under the Debtors' credit facilities and indentures, only the agent or trustee, as applicable, has been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule F and Statement 7, as applicable.

**Additional Notes with Respect to the Debtors' Statements**

**Statement 3**.

Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to directors, officers, intercompany entities (which payments appear in response to Statement

question 4 and question 30), employees, and bankruptcy professionals (which payments appear in response to Statement question 11).

**Statement 4**.

Statement 4 presents a respective Debtor's intercompany cash transactions, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business, certain of the Debtor entities and business divisions maintain business relationships with each other, which results in intercompany receivables and payables (collectively, the "Intercompany Claims"). With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation and/or other employee benefits.

**Statement 7**.

Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. Additionally, any information contained in Statement 7 shall not be a binding admission of the Debtors' liabilities with respect to any of the suits and proceedings identified therein. The Debtors reserve all rights with respect to the suits and administrative proceedings set forth in Statement 7, and any claims filed in relation to such suits and administrative proceedings.

**Statement 9**.

Gifts are an integral part of the Debtors' businesses, and the Debtors and other companies in the Debtors' industry regularly donate various equipment to awards shows and for charitable purposes. The Debtors have made commercially reasonable efforts to identify all applicable gifts made over the course of the last two years on Statement 9. Certain *de minimis* gifts that are not reported or tracked centrally may have been excluded.

**Statement 10**.

The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 26a**. The Debtors have limited their response to Statement question 26a to the Chief Financial Officer and the Controller as they supervise either directly or indirectly all other parties who may be responsible for the creation and updating of the Debtors books and records.

**Statement 26b**. The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervised the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and record including individuals listed in response to Statement questions 21 and 22.

**Statement 26d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26d.

**Statement 30**.  Where applicable, the Debtors have listed payments to insiders who are individuals to insiders who are individuals (or relatives thereof) in Statement 30.

***************************************************

END OF GLOBAL NOTES

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **In re** ) | **Chapter 11** |
| ) | |
| **VER Technologies Holdco LLC, et al., et** ) | **Case No 18-10834 (KG)** |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

## AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR

### Full Throttle Films, LLC

### Case No: 18-10837 (KG)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

     ☐ No. Go to Part 2.

     ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.53** ALBERT URESTI MPA PCC<br>PO BOX 2903<br>SAN ANTONIO , TX 78299-2903 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.53** ANN HARRIS BENNETT<br>TAX ASSESSOR-COLLECTOR<br>PO BOX 4622<br>HOUSTON , TX 77210-4622 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.53** ARIZONA DEPARTMENT OF REVENUE<br>PO BOX 29010<br>PHOENIX, AZ 85038-9010 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $18,903 | $18,903 |
| **2.54** ARIZONA DEPARTMENT OF REVENUE./ LICENSE<br>ATTN: LICENSE & REGISTRATION<br>PO BOX 29032<br>PHOENIX, AZ 85038-9032 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.54** BROWARD COUNTY TAX COLLECTOR<br>115 S ANDREWS AVE #A100<br>FORT LAUDERDALE , FL 33301-1895 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.54** BROWARD COUNTY TAX COLLECTOR (27)<br>1800 NW 66TH AVE STE 100<br>PLANTATION, FL 33313-4523 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.54** CA STATE BOARD OF EQUALIZATION - LLC<br>PO BOX 942879<br>SACRAMENTO, CA 94279 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.54** CALIFORNIA SECRETARY OF STATE (27)<br>STATEMENT OF INFORMATION UNIT<br>P.O. BOX 944230<br>SACRAMENTO, CA 94244-2300 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.54** CANADA CUSTOMS AND REVENUE AGENCY<br>POST OFFICE BOX 20000, STATION A<br>SUDBURY, ON P3A 5C1<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.54 CANADA REVENUE AGENCY<br>275 POPE RD SUITE 103<br>SUMMERSIDE, PE C1N 6A2<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.54 CANADA REVENUE AGENCY - TAX<br>CANADA REVENUE AGENCY<br>4695 - 12TH AVE<br>SHAWINIGAN-SUD, QC G9P 5H9<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.54 CARROLLTON-FARMERS BRANCH I.S.D.<br>CARROLLTON-FARMERS BRANCH I.S.D.<br>PO BOX 110611<br>CARROLLTON, TX 75011-0611 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.54 CHARLIE CARDWELL, METROPOLITAN TRUSTEE<br>PERSONALTY TAX DEPARTMENT<br>PO BOX 305012<br>NASHVILLE, TN 37230-5012 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 CITY AND COUNTY OF DENVER<br>DEPARTMENT OF FINANCE/TREASURY DIVISION<br>CITY AND COUNTY OF DENVER<br>PO BOX 660860<br>DALLAS , TX 75266-0860 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $3,117 | $3,117 |
| 2.55 CITY AND COUNTY OF DENVER (27)<br>C/O DENVER MOTOR VEHICLE<br>2855 TREMONT PL<br>DENVER, CO 80205 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 CITY AND COUNTY OF SAN FRANCISCO<br>1455 MARKET STREET SUITE 1200<br>SAN FRANCISCO, CA 94103 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 CITY OF ANAHEIM - BUSINESS TAX<br>BUSINESS LICENSE DIVISION<br>POST OFFICE BOX 61042<br>ANAHEIM, CA 92803-6142 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 CITY OF ANAHEIM DIVISON OF COLLECTIONS<br>201 S ANAHEIM BLVD<br>PO BOX 3222<br>ANAHEIM, CA 92805 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 CITY OF ATLANTA BUSINESS TX DIV<br>CITY HALL SOUTH<br>55 TRINITY S.W.<br>ATLANTA, GA 30303 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $6,015 | $6,015 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**  List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| | | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.55** CITY OF CHICAGO (27)<br>DEPARTMENT OF REVENUE<br>P.O. BOX 88292<br>CHICAGO, IL 60680-1292 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.55** CITY OF CHICAGO DEPT OF FINANCE<br>DEPT OF FINANCE WATER DIVISION<br>PO BOX 6330<br>CHICAGO, IL 60680 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.55** CITY OF FREMONT<br>39550 LIBERTY STREET,<br>P.O. BOX 5006<br>FREMONT , CA 94537-5006 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.55** CITY OF GLENDALE<br>633 E BROADWAY<br>GLENDALE, CA 91206 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF HAWTHORNE<br>4455 W 126TH ST<br>HAWTHORNE, CA 90250 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF IRVING<br>TAX AND REVENUE COLLECTION<br>IRVING, TX 75015 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF NEW ORLEANS<br>BUREAU OF REVENUE<br>PO BOX 61840<br>NEW ORLEANS, LA 70161-1840 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☐ | ☑ | ☐ | $15,313 | $15,313 |
| **2.56** CITY OF PHOENIX<br>200 W. WASHINGTON ST.<br>PHOENIX, AZ 85031 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF SAN DIEGO - BUSINESS TAX<br>OFFICE OF THE CITY TREASURER<br>BUSINESS TAX PROGRAM<br>SAN DIEGO, CA 92112-1536 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF SANTA MONICA - LICENSE<br>FINANCE DEPARTMENT<br>1717 4TH STREET SUITE 250<br>SANTA MONICA, CA 90401 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.56** CITY OF SOUTHFIELD<br>CITY OF SOUTHFIELD<br>PO BOX 369<br>SOUTHFIELD, MI 48037-0369 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:     List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| | | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.56 CITY OF TEMPE<br>TAX AND LICENSE DIVISION<br>FORMS PROCESSING CENTER<br>PHOENIX, AZ 85038-9618 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.56 CITY OF TUKWILA<br>ATTN: CITY CLERK'S OFFICE<br>6200 SOUTHCENTER BLVD.<br>TUKWILA, WA 98188-2544 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.56 CITY OF WINTER PARK<br>401 SOUTH PARK AVENUE<br>WINTER PARK, FL 32789 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CITY OF WOBURN<br>PO BOX 227<br>WOBURN, MA 01801 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CITY OF WOBURN<br>DEPUTY COLLECTOR<br>PO BOX 397<br>WOBURN, MA 01867 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CITY OF WOBURN (27)<br>P.O. BOX 227<br>WOBURN, MA 01801 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CITY OF WOOD DALE (27)<br>P.O. BOX 396<br>WOOD DALE, IL 60191-1596 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CLARK COUNTY ASSESSOR<br>500 S. GRAND CENTRAL PARKWAY<br>PO BOX 551401<br>LAS VEGAS , NV 89155-1401 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CLARK COUNTY CLERK'S OFFICE<br>ATTN: FFN<br>PO BOX 551604<br>LAS VEGAS, NV 89155-1604 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CLARK COUNTY NEVADA<br>DEPARTMENT OF BUSINESS LICENSE<br>PO BOX 551810<br>LAS VEGAS, NV 89155-1810 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 CLAYTON COUNTY (32)<br>112 SMITH ST.<br>JONESBORO, GA 30236 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.57 COBB COUNTY (32)<br>100 CHEROKEE STREET<br>MARIETTA, GA 30090 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COLORADO DEPARTMENT OF REVENUE<br>DENVER, CO 80261 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $3,302 | $3,302 |
| 2.57 COLORADO DEPARTMENT OF REVENUE<br>DENVER, CO 80261-0013 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COLORADO DEPARTMENT OF REVENUE<br>DMV - TITLES SECTION<br>COLORADO DEPARTMENT OF REVENUE<br>1375 SHERMAN STREET<br>DENVER, CO 80203 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COLORADO SECRETARY OF STATE<br>1700 BROADWAY, SUITE 200<br>DENVER, CO 80290 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COMMISSIONER OF TAXATION AND FINANCE<br>DISCLOSURE UNIT<br>ALBANY, NY 12227 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COMMONWEALTH OF MASSACHUSETTS<br>MASS. DEPARTMENT OF REVENUE<br>PO BOX 7046<br>BOSTON, MA 02204-7046 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COMPTROLLER OF MARYLAND<br>REVENUE ADMINISTRATION DIVISION<br>PO BOX 17405<br>BALTIMORE, MD 21297-1405 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $5,782 | $5,782 |
| 2.58 COMPTROLLER OF MARYLAND - TAX REVENUE ADMINISTRATION DIVISION<br>PO BOX 2601<br>ANNAPOLIS, MD 21404-2601 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COMPTROLLER OF PUBLIC ACCOUNTS<br>111 E. 17TH STREET<br>AUSTIN, TX 78774-0100 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $146,098 | $146,098 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.58 COMPTROLLER OF PUBLIC ACCOUNTS - TAX<br>PO BOX 149348<br>AUSTIN, TX 78714-9348 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 COOK COUNTY DEPARTMENT OF ENVIRONMENTAL<br>C/O ENVIRONMENTAL CONTROL<br>25831 NETWORK PLACE<br>CHICAGO , IL 60673-1258 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 COOK COUNTY TREASURER'S OFFICE<br>118 NORTH CLARK STREET, ROOM 112<br>CHICAGO, IL 60602 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DALLAS COUNTY TAX ASSESSOR (27)<br>RECORDS BUILDING<br>500 ELM ST<br>DALLAS, TX 75313-9033 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DALLAS COUNTY TAX ASSESSOR-COL<br>DALLAS COUNTY TAX ASSESSOR-COL<br>RECORDS BLDG 500 ELM ST<br>DALLAS, TX 75313-9033 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DALLAS COUNTY TAX OFFICE - JOHN R. AMES<br>DALLAS COUNTY TAX OFFICE<br>PO BOX 139066<br>DALLAS, TX 75313-9066 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DAVID CHILDS - DALLAS COUNTY TAX ASSESSOR (27)<br>P.O. BOX 139033<br>DALLAS, TX 75313-9033 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DAVIDSON COUNTY CLERCK<br>700 SECOND AVE SOUTH<br>NASHVILLE, TN 37210 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DELAWARE SECRETARY OF STATE<br>P.O. BOX 5509<br>BINGHAMTON , NY 13902-5509 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DEPARTMENT OF ASSESSMENT AND TAXATION<br>PERSONAL PROPERTY DIVISION<br>301 WEST PRESTON STREET, ROOM 801<br>BALTIMORE , MD 21201-2395 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:      List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.59 DEPARTMENT OF THE TREASURY<br>801 W CIVIC CENTER DR<br>EXCISE 1514 / MAIL 4501<br>SANTA ANA , CA 92701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 DEPARTMENT OF THE TREASURY (27)<br>INTERNAL REVENUE SERVICE<br>OGDEN, UT 84201-0039 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 EARL K. WOOD, TAX COLLECTOR<br>2110 WEST COLONIAL DRIVE<br>ORLANDO, FL 32804 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 EDD EMPLOYMENT DEVELOPMENT DEPARTMENT<br>PO BOX 989061<br>WEST SACREMENTO , CA 95798-9061 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 FLORIDA DEPARTMENT OF REVENUE<br>5050 W. TENNESSEE STREET<br>TALLAHASSEE , FL 32399-01504 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $59,743 | $59,743 |
| 2.60 FLORIDA DEPARTMENT OF REVENUE<br>LOS ANGELES SERVICE CENTER<br>FLORIDA DEPARTMENT OF REVENUE<br>2390 E ORANGEWOOD AVE STE 325<br>ANAHEIM, CA 92806 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 FLORIDA DEPARTMENT OF REVENUE. / EMPLOYMENT<br>400 W ROBINSON ST STE N302<br>ORLANDO, FL 32801-1759 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 FLORIDA DEPARTMENT OF STATE - D OF C<br>DIVISION OF CORPORATIONS<br>CLIFTON BUILDING<br>TALLAHASSEE , FL 32301 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 FRANCHISE TAX BOARD<br>PO BOX 942857<br>SACRAMENTO, CA 94257-0531 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 FRANCHISE TAX BOARD (10)<br>PO BOX 942857<br>SACRAMENTO, CA 94257-0501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.60** FRANCHISE TAX BOARD (27)<br>P.O. BOX 942857<br>SACRAMENTO, CA 94257-0631 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.60** FULTON COUNTY TAX COMMISSIONER<br>PO BOX 105052<br>ATLANTA , GA 30348-5052 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GEORGIA DEPARTMENT OF REVENUE<br>PO BOX 740317<br>ATLANTA, GA 30374-0317 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $71,839 | $71,839 |
| **2.61** GEORGIA DEPARTMENT OF REVENUE - TAX PROCESSING CENTER<br>PO BOX 740317<br>ATLANTA, GA 30374-0317 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GLOBAL TAX NETWORK<br>7950 MAIN STREET N SUITE 200<br>MAPLE GROVE, MN 55369 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GWINNETT COUNTY LICENSE AND REVENUE<br>DEPARTMENT OF FINANCIAL SERVICES LICENSING AND REVENUE<br>LAWRENCEVILLE, GA 30046-1045 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GWINNETT COUNTY TAX COMISSIONER (27)<br>PO BOX 829<br>LAWRENCEVILLE, GA 30046-0829 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GWINNETT COUNTY TAX COMMISSIONER<br>PO BOX 829<br>LAWRENCEVILLE, GA 30046-0829 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** GWINNETT COUNTY TAX COMMISSIONER<br>PO BOX 372<br>LAWRENCEVILLE , GA 30046-0372 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.61** ILLINOIS DEPARTMENT OF REVENUE<br>PO BOX 19475<br>SPRINGFIELD, IL 62794-9475 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $3,618 | $3,618 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.61 ILLINOIS DEPARTMENT OF REVENUE - ST<br>RETAILERS OCCUPATION TAX<br>SPRINGFIELD, IL 62796-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.61 ILLINOIS DEPARTMENT OF REVENUE (27)<br>P.O. BOX 19010<br>SPRINGFIELD, IL 62794-9010 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 ILLINOIS DEPARTMENT OF REVENUE.<br>PO BOX 19045<br>SPRINGFIELD, IL 62794-9045 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 ILLINOIS SECRETARY OF STATE<br>ILLINOIS SECRETARY OF STATE (27)<br>591 HOWLETT BUILDING<br>SPRINGFIELD, IL 62756 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 INTERNAL REVENUE SERVICE<br>CINCINNATI , OH 45999-0039 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 INTERNAL REVENUE SERVICE - 6166<br>INTERNAL REVENUE SERVICE<br>2970 MARKET ST<br>BLN# 3-E08.123<br>PHILADELPHIA , PA 19104-5016 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 IRS (10)<br>INTERNAL REVENUE SERVICE<br>OGDEN, UT 84201-0039 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 JEFFERSON PARISH<br>BUREAU OF REVENUE AND TAXATION<br>SALES TAX DIVISION<br>GRETNA, LA 70054-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $16,398 | $16,398 |
| 2.62 JEFFERSON PARISH LOUISIANA - PROPERTY TAX<br>BUREAU OF REVENUE AND TAXATION<br>PROPERTY TAX DIVISION<br>PO BOX 130<br>GRETNA , A  70054-0130 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 JEFFERSON PARISH SHERIFFS OFFICE<br>PROPERTY TAX DIVISION<br>PO BOX 130<br>GRETNA, LA 70054-0130 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor | Date / Account | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.62 JEFFERSON PARISH SHERIFF'S OFFICE - O<br>BUREAU OF REVENUE AND TAXATION<br>SALES/USE TAX DIVISION<br>GRETNA, LA 70054-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 JEFFERSON PARISH SHERIFF'S OFFICE - STORE<br>BUREAU OF REVENUE & TAXATION - SALES/USE<br>PO BOX 248<br>GRETNA, LA 70054-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 JEFFERSON PARISH SHERIFF'S OFFICE.<br>BUREAU OF REVENUE AND TAXATION<br>PO BOX 248<br>GRETNA, LA 70054-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 JOHN R AMES DALLAS CNTY TAX ASSESSOR-COL<br>DALLAS CNTY TAX ASSESSOR-COL<br>RECORDS BLDG 500 ELM ST<br>DALLAS, TX 75313 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOS ANGELES COUNTY CLERK<br>14340 W. SYLVAN ST.<br>VAN NUYS, CA 91401 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOS ANGELES COUNTY TAX COLLECTOR<br>PO BOX 54027<br>LOS ANGELES , CA 90054-0027 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOS ANGELES COUNTY TAX COLLECTOR<br>P.O. BOX 54027<br>LOS ANGELES , CA 90054-0027 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOS ANGELES COUNTY TAX COLLECTOR (10)<br>PO BOX 54027<br>LOS ANGELES, CA 90054-0027 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOS ANGELES COUNTY TAX COLLECTOR L<br>PO BOX 54027<br>LOS ANGELES, CA 90054-0027 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 LOUISIANA DEPARTMENT OF REVENUE<br>SALES TAX DIVISION<br>PO BOX 3138<br>BATON ROUGE, LA 70821-3138 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $27,480 | $27,480 |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.63** LOUISIANA DEPARTMENT OF REVENUE - TAX<br>PO BOX 91011<br>BATON ROUGE, LA 70821-9011 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.63** LOUISIANA DEPARTMENT OF REVENUE (10)<br>PO BOX 201<br>BATON ROUGE, LA 70821-0201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** LOUISIANA ECONOMIC DEVELOPMENT<br>617 N 3RD ST<br>BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MARYLAND DEPARTMENT OF REVENUE<br>COMPTROLLER OF MARYLAND<br>REVENUE ADMINISTRATION DIVISION<br>TAXPAYER SERVICE SECTION, 110 CARROLL STREET<br>ANNAPOLIS, MD 21411-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MASSACHUSETTS DEPARTMENT OF REVENUE<br>PO BOX 7039<br>BOSTON, MA 02204-7039 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $2,096 | $2,096 |
| **2.64** MICHIGAN DEPARTMENT OF STATE<br>7064 CROWNER DRIVE<br>LANSING, MI 48980 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MICHIGAN DEPARTMENT OF STATE (27)<br>7064 CROWNER DRIVE<br>LANSING, MI 48980-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MICHIGAN DEPARTMENT OF TREASURY<br>DEPARTMENT 78172<br>PO BOX 78000<br>DETROIT, MI 48278-0172 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MIKE SULLIVAN TAX ASSESSOR-COLLECTOR<br>TAX ASSESSOR-COLLECTOR<br>PO BOX 4622<br>HOUSTON, TX 77210-4622 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MINISTER OF FINANCE<br>SOCIAL SERVICE TAX<br>PO BOX 9443 STN PROV GOVT<br>VICTORIA, BC V8W 9W7<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.64** MINISTER OF FINANCE ON<br>33 KING STREET WEST<br>OSHAWA, ON L1H 8H5<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.64** MINISTER OF REVENUE - ONTARIO PST<br>33 KING ST. WEST<br>PO BOX 620<br>OSHAWA, ON L1H 8E9<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** MINISTER OR REVENUE OF QUEBEC - TAX<br>REVENU QUEBEC<br>C.P. 25125, SUCCURSALE TERMINUS<br>QUEBEC, QC G1A 0A6<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** MINISTRY OF SMALL BUSINESS & REVENUE - BC<br>P.O. BOX 9443 STN PROC GOVT<br>VICTORIA, BC V8W 9W7<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** NEVADA DEPARTMENT OF TAXATION<br>PO BOX 52609<br>PHOENIX, AZ 85072-2609 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $20,886 | $20,886 |
| **2.65** NEVADA DEPARTMENT OF TAXATION - MBTR<br>PO BOX 52674<br>PHOENIX, AZ 85072-2674 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** NEW JERSEY DIVISION OF TAXATION<br>REVENUE PROCESSING CENTER<br>GROSS INCOME TAX<br>TRENTON, NJ 08646-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** NEW ORLEANS SALES TAX (32)<br>DEPARTMENT OF FINANCE<br>BUREAU OF REVENUE - SALES TAX<br>1300 PERDIDO ST., RM 1W15<br>NEW ORLEANS, LA 70112 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** NEW YORK CITY CORP INCOME TAX<br>NYC DEPARTMENT OF FINANCE<br>CORRESPONDENCE UNIT<br>ONE CENTRE STREET, 22ND FLOOR<br>NEW YORK, NY 10007 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.65** NEW YORK METROPOLITAN COMMUTER TAX<br>PO BOX 4139<br>BINGHAMTON, NY 13902-4139 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.65 NEW YORK STATE DEPARTMENT OF REVENUE<br>NYS DEPARTMENT OF TAXATION AND FINANCE<br>ATTN: OFFICE OF COUNSEL<br>W A HARRIMAN CAMPUS BLDG 9<br>ALBANY, NY 12227 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.65 NEW YORK STATE DEPARTMENT OF TAXATION<br>STATE PROCESSING CENTER<br>NEW YORK STATE DEPARTMENT OF TAXATION<br>PO BOX 4148<br>BINGHAMTON, NY 13902-4148 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NEW YORK STATE SALES TAX<br>PO BOX 15172<br>ALBANY, NY 12212-5172 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $3,808 | $3,808 |
| 2.66 NJ DEPARTMENT OF THE TREASURY - LLC<br>STATE OF NJ<br>P. O. BOX 002<br>TRENTON, NJ 08625-0002 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NYC DEPARTMENT OF FINANCE<br>PO BOX 3931<br>NEW YORK , NY 10008-3931 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NYC DEPARTMENT OF FINANCE TAX<br>GENERAL CORPORATION TAX<br>PO BOX 5040<br>KINGSTON, NY 12402-5040 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NYC DEPARTMENT OF FINANCE TAX.<br>PO BOX 3923<br>NEW YORK, NY 10008-3923 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NYS DEPARTMENT OF STATE<br>ONE COMMERCE PLAZA<br>99 WASHINGTON AVE.<br>ALBANY, NY 12231-0002 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 NYS DEPARTMENT OF TAXATION & FINANCE<br>MIDWESTERN REGIONAL OFFICE<br>SALES TAX SECTION<br>DES PLAINS, IL 60018-5822 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.66 NYS DEPARTMENT OF TAXATION & FINANCE TAX<br>CORP-V<br>PO BOX 5163<br>ALBANY, NY 12212-5163 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 OAKLAND COUNTY TREASURER<br>1200 N. TELEGRAPH RD.<br>PONTIAC , MI 48341-0479 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 OHIO DEPARTMENT OF TAXATION<br>ATTN: BUSINESS COMPLIANCE DIVISION<br>PO BOX 2678<br>COLUMBUS, OH 43216-2678 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 OHIO SECRETARY OF STATE<br>PO BOX 1390<br>COLUMBUS, OH 43216 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 ORANGE COUNTY TAX COLLECTOR (27)<br>PO BOX 545100<br>ORLANDO, FL 32854-5100 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 ORANGE COUNTY TREASURER-TAX COLLECTOR<br>SHARI L. FREIDENRICH, CPA<br>ORANGE COUNTY TREASURER-TAX COLLECTOR<br>PO BOX 1438<br>SANTA ANA , CA 92702-1438 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 PARISH OF JEFFERSON - PROPERTY TAX<br>BUREAU OF REVENUE AND TAXATION PROPERTY TAX DIVISION<br>TAMPA, FL 33630-3014 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 PRINCE GEORGE'S COUNTY<br>PO BOX 17578<br>BALTIMORE, MD 21297-1578 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 PUERTO RICO TREASURY DEPARTMENT<br>P.O. BOX 9024140<br>SAN JUAN, PR 00902-4140 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.67 RECEIVER GENERAL<br>PLACE DU PORTAGE PHASE III<br>11A2-11 LAURIER STREET<br>GATINEAU, QC K1A 0S5<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 REVENU QUEBEC<br>C.P. 5500, SUCCURSALE DESJARDINS<br>MONTREAL, QC H5B 1A8<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 REVENUE SERVICES OF BRITISH COLUMBIA<br>PO BOX 9482 STN PROV GOVT<br>VICTORIA, BC V8W 9W6<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 RICHMOND COUNTY<br>101 COURT CIRCLE<br>P.O. BOX 1000<br>WARSAW, VA 22572 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SAN DIEGO COUNTY TREASURER-TAX COLLECTOR<br>TREASURER-TAX COLLECTOR<br>PO BOX 129009<br>SAN DIEGO, CA 92112 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SAN FRANCISCO ASSESSOR RECORDER<br>1 DR CARLTON B GOODLETT PLACE<br>CITY HALL ROOM 190<br>SAN FRANCISCO, CA 94102 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SAN FRANCISCO TAX COLLECTOR<br>BUSINESS TAXES SECTION<br>PO BOX 7425<br>SAN FRANCISCO, CA 94120-7425 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SAN FRANCISCO TREASURER & TAX COLLECTOR<br>CITY HALL ROOM 140<br>1 DR. CARLTON B GOODLETT PL<br>SAN FRANCISCO, CA 94102-4638 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SAN MATEO COUNTY - PROPERTY TAX<br>555 COUNTY CENTER 1ST FLOOR<br>REDWOOD CITY, CA 94063 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 SCOTT RANDOLPH ORANGECOUNTY TAX COLLECTOR<br>PO BOX 545100<br>ORLANDO, FL 32854 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**<u>Taxes and certain other debts owed to the government 507(a)(8)</u>**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|:-:|:-:|:-:|:-:|---|---|
| **2.68** SECRETARY OF STATE - CA CERT. & RECORDS<br>CERTIFICATION AND RECORDS<br>PO BOX 944260<br>SACRAMENTO, CA 94244-2600 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.68** SECRETARY OF STATE - CALIFORNIA<br>STATEMENT OF INFORMATION UNIT<br>PO BOX 944230<br>SACRAMENTO, CA 94244-2300 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.68** SECRETARY OF STATE - GA<br>CORPORATIONS DIVISION<br>237 COLISEUM DR<br>MACON, GA 31217 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.68** SECRETARY OF STATE - IL LICENSE<br>DEPARTMENT OF BUSINESS LICENSE<br>SPRINGFIELD, IL 62756 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE - ILLINOIS<br>VEHICLE SERVICES DEPARTMENT<br>501 S. 2ND ST. ROOM 011<br>SPRINGFIELD, IL 62756 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE - JESSE WHITE<br>SECRETARY OF STATE LICENSE RENEWAL<br>3701 WINCHESTER RD<br>SPRINGFIELD, IL 62707-9700 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE - LA<br>PO BOX 94125<br>BATON ROUGE, LA 70804-9125 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE OF NEVADA<br>202 NORTH CARSON STREET<br>CARSON CITY, NV 89701-4299 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE OF TEXAS<br>SECRETARY OF STATE OF TX<br>P.O. BOX 12887<br>AUSTIN, TX 78711-2887 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** SECRETARY OF STATE.<br>PO BOX 942835<br>SACRAMENTO, CA 94235-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **2.69** STATE BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO, CA 94279-8022 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $180,242 | $180,242 |
| **2.69** STATE BOARD OF EQUALIZATION - ENVIRO FEE<br>ENVIRONMENTAL FEES DIVISION<br>PO BOX 942879<br>SACRAMENTO, CA 94279-6001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** STATE COLLECTION & DISBURSEMENT UNIT<br>PO BOX 98950<br>LAS VEGAS, NV 89193-8950 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.69** STATE COMPTROLLER.<br>PO BOX 149359<br>AUSTIN, TX 78714-9359 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.70** STATE DEPT OF ASSESSMENTS & TAXATION<br>ASSESSMENTS & TAXATIO<br>301 W PRESTON ST RM 801<br>BALTIMORE, MD 20201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.70** STATE OF ARKANSAS<br>DEPARTMENT OF WORKFORCE SERVICES<br>POST OFFICE BOX 8007<br>LITTLE ROCK, AR 72203 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.70** STATE OF CALIFORNIA (32)<br>FRANCHISE TAX BOARD<br>PO BOX 942840<br>SACRAMENTO, CA 94240-6090 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.70** STATE OF CONNECTICUT<br>DEPARTMENT OF REVENUE SERVICES<br>DEPARTMENT OF REVENUE SERVICES<br>STATE OF CONNECTICUT<br>DEPARTMENT OF REVENUE SERVICES<br>PO BOX 5089<br>HARTFORD , CT 06102-5089 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.70** STATE OF FLORIDA<br>DISBURSEMENT UNIT 090009311DR48<br>PO BOX 8500<br>TALLAHASSEE , FL 32314-8500 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:　List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.70 STATE OF HAWAII<br>HONOLULU OFFICE<br>PRINCESS RUTH KEELIKOLANI BUILDING<br>830 PUNCHBOWL STREET<br>HONOLULU, HI 96813 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 STATE OF HAWAII DEPARTMENT OF TAXATION<br>HONOLULU OFFICE<br>PRINCESS RUTH KEELIKOLANI BUILDING<br>830 PUNCHBOWL STREET<br>HONOLULU, HI 96813 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 STATE OF LOUISIANA (27)<br>P.O. BOX 60081<br>NEW ORLEANS, LA 70160-0081 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 STATE OF LOUISIANA: SECRETARY OF STATE<br>COMMERICIAL DIVISION<br>PO BOX 94125<br>BATON ROUGE, LA 70804-9125 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 STATE OF MARYLAND<br>DEPARTMENT OF ASSESSMENTS & TAXATION<br>PERSONAL PROPERTY DIVISION<br>BALTIMORE , MD 21201-2395 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF MARYLAND.<br>110 CARROLL STREET<br>ANNAPOLIS, MD 21411-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF MICHIGAN<br>DEPARTMENT 77889<br>DETROIT, MI 48277-0889 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF MICHIGAN (27)<br>7064 CROWNER DRIVE<br>LANSING, MI 48980-0001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF MICHIGAN, MICHIGAN GAMING CONTROL BOARD<br>STATE OF MICHIGAN<br>3062 W GRAND BLVD SUITE L-700<br>DETROIT, MI 48202 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.71 STATE OF MICHIGAN. (LANSING)<br>7064 CROWNER DR.<br>LANSING, MI 48980 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF NEVADA<br>DEPARTMENT OF TAXATION - REVENUE DIV.<br>1550 EAST COLLEGE PKWY #115<br>CARSON CITY, NV 89706 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF NEVADA - OFFICE<br>OFFICE OF THE SECRETARY OF STATE<br>101 N. CARSON ST. SUITE 3<br>CARSON CITY, NV 89701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF NEVADA - SALES/USE<br>PO BOX 52609<br>PHOENIX, AZ 85072-2609 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF NEVADA DEPARTMENT OF EMPLOYMENT<br>DEPARTMENT OF EMPLOYMENT, TRAINING & REHA<br>500 E THIRD ST<br>CARSON CITY , NV 89713-0030 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 STATE OF NEVADA DEPARTMENT OF TAXATION<br>DEPARTMENT OF TAXATION<br>2250 PASEO VERDE PARKWAY<br>HENDERON, NV 89074 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF NEW JERSEY - PART<br>PO BOX 642<br>TRENTON , NJ 08646-0642 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF NEW JERSEY BUSINESS FILINGS<br>STATE OF NJ<br>P.O. BOX 628<br>TRENTON, NJ 08646-0628 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS<br>STATE OF NEW JERSEY DCA BFCE-DORES<br>PO BOX 663<br>TRENTON, NJ 08646 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.72 STATE OF NEW JERSEY DEPT OF THE TREASURY<br>DIVISION OF TAXATION<br>PO BOX 269<br>TRENTON, NJ 08646-0269 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $10,104 | $10,104 |
| 2.72 STATE OF NEW JERSEY DIVISION OF TAXATION<br>FILING FEE AND TAX ON PARTNERHIPS<br>PO BOX 642<br>TRENTON, NJ 08646-0642 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF TENNESSEE<br>AUDIT PROCESSING<br>STATE OF TENNESSEE<br>PO BOX 190644<br>NASHVILLE , TN 37219-0644 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF TENNESSEE - DEPARTMENT OF STATE<br>CORPORATE FILINGS<br>312 EIGHTH AVE. NORTH<br>NASHVILLE, TN 37243 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF WASHINGTON<br>DEPARTMENT OF ECOLOGY<br>STATE OF WASHINGTON<br>PO BOX 34050<br>SEATTLE, WA 98124-1050 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 STATE OF WASHINGTON<br>DEPARTMENT OF REVENUE<br>PO BOX 34052<br>SEATTLE, WA 98124-1052 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☑ | ☐ | $11,678 | $11,678 |
| 2.72 STATE OF WASHINGTON DEPT OF LICENSING<br>BUSINESS LICENSING SERVICE<br>PO BOX 9034<br>OLYMPIA, WA 98507-9034 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TAX AGENCY CA<br>FRANCHISE TAX BOARD<br>P.O. BOX 942840<br>SACRAMENTO, CA 94240-0040 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TAX AGENCY DE<br>STATE OF DELAWARE<br>CARVEL STATE OFFICE BUILDING<br>820 NORTH FRENCH STREET<br>WILMINGTON, DE 19801 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| 2.73 TENNESSEE DEPARTMENT OF REVENUE<br>ANDREW JACKSON STATE OFFICE BLDG.<br>500 DEADERICK ST.<br>NASHVILLE, TN 37242 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TENNESSEE DEPARTMENT OF REVENUE - TAX<br>ANDREW JACKSON STATE OFFICE BUILDING<br>500 DEADERICK ST.<br>NASHVILLE, TN 37242 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 THE CITY OF IRVING - REVENUE COLLECTIONS<br>PO BOX 152288<br>IRVING, TX 75015-2288 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 THE DIRECTOR, PROVINCIAL SALES TAX<br>PO BOX 9443<br>STN PROV GOVT<br>VICTORIA, BC V8W 9W6<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 THE PRINCE GEORGE'S COUNTY, MARYLAND<br>C/O THE CORVEL CORPORATION<br>PO BOX 7328<br>LARGO, MD 20774 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TN TENNESSEE DEPARTMENT OF REVENUE - LLC<br>500 DEADERICK ST<br>NASHVILLE, TN 37242 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TOWN OF DAVIE<br>BUSINESS TAX RECEIPTS<br>PO BOX 791288<br>BALTIMORE , MD 21279-1288 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.73 TREASURER ARLINGTON COUNTY<br>PO BOX 1750<br>MERRIFIELD, VA 22116-1750 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.74 UNITED STATES TREASURY - 1099<br>KANSAS CITY, MO 64999-0202 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |

**Taks and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| **2.74** UNITED STATES TREASURY - EXCISE TAX<br>PO BOX 71052<br>PHILADELPHIA, PA 19176-6052 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** UNITED STATES TREASURY - INTERNAL REVENUE SERVICE<br>CINCINNATI, OH 45999-0039 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** UNITED STATES TREASURY (27)<br>P.O. BOX 105078<br>ATLANTA, GA 30348-5078 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WA DEPT OF REVENUE WASHINGTON STATE - LLC<br>STATE OF WASHINGTON<br>BUSINESS LICENSING SERVICE<br>PO BOX 9034<br>OLYMPIA, WA 98507-9034 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WA STATE DEPARTMENT OF LABOR & INDUSTRIES<br>PO BOX 34974<br>SEATTLE , WA 98124-1974 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WA STATE DEPARTMENT OF LICENSING<br>500 4TH AVE. ROOM 401<br>SEATTLE, WA 98104-2395 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WASHINGTON STATE DEPARTMENT OF LICENSING<br>2000 LAKERIDGE DR. SW<br>OLYMPIA, WA 96502-6001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WASHINGTON STATE DEPARTMENT OF LICENSING (27)<br>THURSTON COUNTY AUDITOR<br>2000 LAKERIDGE DRIVE SW<br>OLYMPIA, WA 98502-6090 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.74** WASHINGTON STATE DEPARTMENT OF REVENUE<br>PO BOX 34054<br>SEATTLE, WA 98124-1054 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.75** WASHINGTON STATE DEPARTMENT OF REVENUE.<br>PO BOX 47474<br>TUMWATER, WA 98504-7474 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.75** WASHINGTON STATE DEPT OF ECOLOGY<br>PO BOX 34050<br>SEATTLE, WA 98124-1050 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

| | Taxes and certain other debts owed to the government 507(a)(8) Total: | $606,423 | $606,423 |
|---|---|---|---|

Fill in this information to identify the case and this filing:

Debtor Name: _____Full Throttle Films, LLC_____

United States Bankruptcy Court for the: ___FOR THE DISTRICT OF DELAWARE___

Case Number (if known): ___18-10837 (KG)___

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [ ] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [ ] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [ ] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [ ] Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- [ ] Schedule H: Codebtors (Official Form (206H)
- [ ] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [X] Amended Schedule _E/F, Part 1, Question 2: Taxes and certain other debts owed to the government 507(a)(8)_
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____May 16, 2018_____     **Signature:** ___/s/ Lawrence E. Young___

Lawrence E. Young, Chief Restructuring Officer
**Name and Title**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| **VER Technologies Holdco LLC, et al., et** | ) | **Case No 18-10834 (KG)** |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

## AMENDED STATEMENT OF FINANCIAL AFFAIRS FOR

## VER Technologies HoldCo LLC

## Case No: 18-10834 (KG)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|---|
| 28. 1 | CP-VER AGGREGATING L.P. C/O CATTERTON PARTNERS ATTN J MICHAEL CHU AND MARC MAGLIACANO 599 WEST PUTNAM AVENUE GREENWICH, CT 06839 | SHAREHOLDER | 92.94% |
| 28. 2 | DIGBY DAVIES 727 W CALIFORNIA AVE. GLENDALE, CA 91203 | CEO | |
| 28. 3 | EUGENE ESKIN 727 W CALIFORNIA AVE. GLENDALE, CA 91203 | CONTROLLER | |
| 28. 4 | J. MICHAEL CHU C/O CATTERTON PARTNERS GREENWICH, CT 06839 | DIRECTOR | |
| 28. 5 | JAMES HEXTER C/O CATTERTON PARTNERS GREENWICH, CT 06839 | DIRECTOR | |
| 28. 6 | MARC MAGLIACANO C/O CATTERTON PARTNERS GREENWICH, CT 06839 | ASSISTANT SECRETARY | |
| 28. 7 | MARC MAGLIACANO C/O CATTERTON PARTNERS GREENWICH, CT 06839 | DIRECTOR | |
| 28. 8 | MATT LEEDS C/O CATTERTON PARTNERS GREENWICH, CT 06839 | DIRECTOR | |
| 28. 9 | MATT LEEDS C/O CATTERTON PARTNERS GREENWICH, CT 06839 | SECRETARY | |
| 28. 10 | NEW FAAST, LLC C/O FAAST LEASING CALIFORNIA LLC 912 RUBERTA AVENUE GLENDALE, CA 91201 | SHAREHOLDER | 6.16% |
| 28. 11 | NEW REV, INC. C/O FAAST LEASING CALIFORNIA LLC 912 RUBERTA AVENUE GLENDALE, CA 91201 | SHAREHOLDER | 0.31% |
| 28. 12 | ROBERT KRAKAUER 727 W CALIFORNIA AVE. GLENDALE, CA 91203 | CFO & TREASURER | |
| 28. 13 | ROBERT KRAKAUER 727 W CALIFORNIA AVE. GLENDALE, CA 91203 | DIRECTOR | |
| 28. 14 | STEVE HANKIN 2731 OUTPOST DRIVE LOS ANGELES, CA 90068 | SHAREHOLDER | 0.49% |
| 28. 15 | THOMAS MOTTOLA 727 W CALIFORNIA AVE. GLENDALE, CA 91203 | DIRECTOR | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28. 16    VINCENT DUNDEE III AND JUDITH DUNDEE, JOINTLY PO BOX 3247 GLENDALE, CA 91221 | SHAREHOLDER | 0.09% |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29. 1  VINCENT DUNDEE III<br>PO BOX 3247<br>GLENDALE, CA 91221 | PRESIDENT | From:  4/5/2016   To:   3/14/2018 |
| 29. 2  VINCENT DUNDEE III<br>PO BOX 3247<br>GLENDALE, CA 91221 | DIRECTOR (CHAIRMAN) | From:  4/5/2016   To:   3/14/2018 |

| Part 14: | Signature and Declaration |

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____May 16, 2018_____

**Signature:** __/s/ Lawrence E. Young_____      ___Lawrence E. Young, Chief Restructuring Officer___
                                                                                         **Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes

# EXHIBIT B

## Bar Date Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) Case No. 18-10834 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 96** |

### ORDER (I) SETTING BAR
### DATES FOR FILING PROOFS OF CLAIM,
### INCLUDING REQUESTS FOR PAYMENT UNDER
### SECTION 503(B)(9), (II) SETTING A BAR DATE FOR THE FILING OF
### PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING
### AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE,
### (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM,
### (V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order") (I) establishing

deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of

the Bankruptcy Code, in these chapter 11 cases, (II) establishing the Governmental Bar Date,

(III) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (IV)

approving the proposed Proof of Claim Form, (V) approving proposed Bar Date Notice, (VI)

approving the proposed form of Publication Notice, and (VII) granting related relief, all as more

fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482).  The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

KE 53456686



U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Debtors having confirmed their consent to the entry of final orders or judgment by the Court pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

      1.      The Motion is granted as set forth herein.

**I.      The Bar Dates and Procedures for Filing Proofs of Claim.**

      2.      Each person or entity[3] that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Form 410.[4] Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before June 8, 2018, at 5:00 p.m., prevailing Eastern Time (the "Claims Bar Date"), at the addresses and in the form set forth herein.** The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates, as set forth in this Order.

3.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim **so they are actually received on or before October 2, 2018, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.**

4.      If the Debtors amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable; and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date

---

[4]     Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (877) 634-7163 (toll free) or (424) 236-72119 (international); (b) visiting the Debtors' restructuring website at: www.kccllc.net/VER; (c) writing to the Debtors' Claims Processing Center, VER Claims Processing Center c/o KCC 2335 Alaska Avenue, El Segundo, CA 90245; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

KE 53456686

the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by this Court) (the "Amended Schedules Bar Date").  For the avoidance of doubt, any party that has already filed a Proof of Claim is not required to file another Proof of Claim on account of such claim or interest solely because the Debtors have amended or supplemented their schedules.

5.    Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern time on the date that is 21 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or the effective date of such rejection if rejected pursuant to any rejection procedures approved by Court order in these cases; and (c) any date that this Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

6.    Any party wishing to file a motion under Bankruptcy Rule 3018(a) (a "3018 Motion") to temporarily allow a Claim or Interest for purposes of voting to accept or reject the Plan shall have ten days from the later of (a) the mailing of the Confirmation Hearing Notice and (b) the filing of a claim objection to file such a motion.  The Debtors and other parties in interest shall have until the date that is ten days prior to the Voting Deadline as the deadline by which the Debtors or other parties in interest must file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

7.    All Proofs of Claim must be filed so as to be actually received by Kurtzman Carson Consultants LLC, (the "KCC") or the Court, on or before the applicable Bar Date.  If Proofs of Claim and are not received by the KCC or the Court, as applicable, on or before the

applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plans filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Exempted from the Bar Date.

8.    The following categories of claimants shall not be required to file a Proof of Claim by the applicable Bar Date:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of this Court or with KCC in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f.    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.    any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

5

h.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however,* that a employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.  any person or entity holding a claim for which a separate deadline is fixed by this Court;

j.  claims for fees and expenses of professionals retained in these chapter 11 cases; and

k.  the Prepetition Agents, the Prepetition ABL Lenders, the Prepetition Term Loan Lenders or any Prepetition Secured Party (each as defined in the *Interim Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Approving Exit Facility Commitment Letters and Related Fees, (VII) Scheduling A Final Hearing, and (VIII) Granting Related Relief* (the "*Interim DIP Order*") [Docket No. 72] for claims arising from or relating to the Prepetition Secured Debt Documents, the Prepetition Secured Obligations, or the Prepetition Liens (each as defined in the Interim DIP Order), provided that should the Prepetition Agents, the Prepetition ABL Lenders, the Prepetition Term Loan Lenders or any Prepetition Secured Party file a claim arising from or relating to the Prepetition Secured Debt Documents, the Prepetition Secured Obligations, or the Prepetition Liens against VER Technologies HoldCo LLC, such claim will be deemed as also filed against each guarantor under the applicable documents.

## III.    Substantive Requirements of Proofs of Claim.

9.  The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  ***Contents.*** Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

KE 53456686

b.  ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Original Signatures Required***.  Only ***original*** Proofs of Claim or claims filed electronically through the interface available at www.kccllc.net/VER may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.  ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 18-10834 (KG)) or otherwise without identifying a specific Debtor, will be deemed as filed only against VER Technologies HoldCo LLC.

e.  ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by this Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

f.  ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than 10 days from the date of such request.

g.  ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by the Claims and Notice Agent on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either: (i) electronically through      the       interface      available      at

7

www.kccllc.net/VER or (ii) by first class U.S. mail, by overnight U.S. mail, or other hand delivery system at the following address:

VER Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   *Receipt of Service*. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC); and (ii) a self-addressed, stamped envelope to KCC.

## IV.   Identification of Known Creditors.

10.   The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## V.   Procedures for Providing Notice of the Bar Date.

### (i)   Mailing of Bar Date Notices.

11.   Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** hereto (the "Bar Date Notice", and together a Proof of Claim Form, collectively, the "Bar Date Package") to be mailed via first class mail, no later than 3 business days after the entry of this Order, to the following parties:

a.   the U.S. Trustee;

b.   counsel to the Creditors' Committee;

c.   counsel to certain of the lenders under the Debtors' debtor-in-possession term loan facility;

d.   counsel to the agent under the Debtors' debtor in possession term loan facility;

8

e.     counsel to the agent under the Debtors' prepetition asset-based lending facility and debtor-in-possession asset-based financing facility;

f.     all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

g.     all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

h.     all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

i.     all known entities who are party to executory contracts and unexpired leases with the Debtors;

j.     all known entities who are party to litigation with the Debtors;

k.     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

l.     all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.     the office of the attorney general for each state in which the Debtors maintain or conduct business;

n.     the United States Internal Revenue Service; and

o.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12.     The Debtors shall provide all known creditors listed in the Debtors' Schedules and, upon any amendment to the Debtors' Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

9

Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13.     After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

        **(ii)     Publication of the Bar Date Notice.**

14.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The New York Times (National Edition)*, *The Los Angeles Times* and *USA Today (National Edition)* on or before May 18, 2018, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least 21 days before the Claims Bar Date.

15.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VI.     Consequences of Failure to File a Proof of Claim.

16.     Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

17.     Any person or entity who is required, but fails, to file a Proof of Claim or an in accordance with this Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

18.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VII.    Miscellaneous.

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 4, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

KE 53456686

**Exhibit 1**

**Proof of Claim Form**

Your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/VER.

| United States Bankruptcy Court for the District of Delaware |
|---|
| Indicate Debtor against which you assert a claim by checking the appropriate box below. (Check only one Debtor per claim form.) |

☐ VER Technologies Holdco LLC (Case No. 18-10834)　☐ Full Throttle Films, LLC (Case No. 18-10837)　☐ VER Finco, LLC (Case No. 18-10840)
☐ CPV Europe Investments LLC (Case No. 18-10841)　☐ Maxwell Bay Holdings LLC (Case No. 18-10842)　☐ VER Technologies LLC (Case No. 18-10836)
☐ FAAST Leasing California, LLC (Case No. 18-10838)　☐ Revolution Display, LLC (Case No. 18-10839)　☐ VER Technologies Midco LLC (Case No. 18-10835)

The Debtor has listed your claim on Schedule [D, E/F Part 1, E/F Part 2] as a [Secured / Priority / General Unsecured] claim in the amount of [ScheduleAmt]. If you agree with this characterization and amount, you do not need to complete and return this form. If you disagree, please complete and return this form on or before the applicable Bar Date or Amended Schedules Bar Date. You may choose not to use this customized proof of claim form and instead fill out a non-customized Official Form 410.

# Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.　From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number　Street

City　State　ZIP Code

Country

Contact phone

Contact email

Where should payments to the creditor be sent? (if different)

Name

Number　Street

City　State　ZIP Code

Country

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.　Claim number on court claims registry (if known) _____　Filed on _____
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing?

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br><br>    ☐ No<br><br>    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. **Is all or part of the claim secured?** | ☐ No<br><br>☐ Yes.  The claim is secured by a lien on property.<br><br>    **Nature of property:**<br><br>    ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>    ☐ Motor vehicle<br><br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**           $_____<br>    **Amount of the claim that is secured:**   $_____<br>    **Amount of the claim that is unsecured:**   $_____(The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>    **Annual Interest Rate** (when case was filed)_____%<br>    ☐ Fixed<br>    ☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property: _____ |

Proof of Claim
page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No |
|---|---|
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | $_____ |

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name        Middle name        Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number        Street |
| | _____ |
| | City        State        ZIP Code        Country |
| Contact phone | _____        Email _____ |

## Official Form 410
# Instructions for Proof of Claim
United States Bankruptcy Court
04/16

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **If you have received a customized proof of claim form you may submit either your customized claim form or a non-customized Official Form 410.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else,** then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**
VER Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/VER.

■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/VER.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **EXHIBIT 2**

**Form of Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) | Case No. 18-10834 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re:  Docket No. __ |

### NOTICE OF DEADLINES
### FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS
### FOR PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| VER Technologies HoldCo LLC | 18-10834 |
| CPV Europe Investments LLC | 18-10841 |
| FAAST Leasing California, LLC | 18-10838 |
| Full Throttle Films, LLC | 18-10837 |
| Maxwell Bay Holdings LLC | 18-10842 |
| Revolution Display, LLC | 18-10839 |
| VER Finco, LLC | 18-10840 |
| VER Technologies MidCo LLC | 18-10835 |

**PLEASE TAKE NOTICE THAT:**

On April 5, 2018 (the "Petition Date"), VER Technologies HoldCo LLC, and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [●], 2018, the Court entered an order [Docket No. [●]] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Amended Schedules Claims, and Rejection Damages Claims.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482).  The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

a.    ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim by the Claims Bar Date (*i.e.*, by June 8, 2018, 5:00 p.m., prevailing Eastern Time)**. The Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims; *provided* that, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: (i) the Claims Bar Date; or (ii) 5:00 p.m. prevailing Eastern time on the date that is 21 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or the effective date of such rejection if rejected pursuant to any rejection procedures approved by Court order in these cases.

b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (*i.e.*, by October 2, 2018, 5:00 p.m., prevailing Eastern Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured

priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.  **The Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by an amendment or supplement to the Schedules **are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Amended Schedules Bar Date (_i.e._, by the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of such amendment or supplement)**.

d.  **The Rejection Damages Bar Date.**  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease **are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Rejection Damages Bar Date (_i.e._, by the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days following entry of an order approving such rejection)**.

## II.    WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date **must** file Proofs of Claim on or before the applicable Bar Date:

a.  any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.  any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.  any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

3

d.    any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file Proofs of Claims:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with KCC in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

e.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

d.    any Debtor or non-Debtor subsidiary having a claim against another Debtor;

e.    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

f.    any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided*, however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

g.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

4

h.      [any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;]

i.      any person or entity holding a claim for which a separate deadline is fixed by this Court;

j.      claims for fees and expenses of professionals retained in these chapter 11 cases; and

k.      the Prepetition Agents, the Prepetition ABL Lenders, the Prepetition Term Loan Lenders, or any other Prepetition Secured Party (each, as defined in the *Interim Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Approving Exit Facility Commitment Letters and Related Fees, (VII) Scheduling A Final Hearing, and (VIII) Granting Related Relief* (the "Interim DIP Order") [Docket No. 72]), for claims arising from or relating to the Prepetition ABL Credit Documents or the Prepetition Term Loan Credit Documents, as applicable, the Prepetition Credit Obligations, or the Prepetition Liens (each as defined in the Interim DIP Order), *provided* that each Prepetition Agent, on behalf of itself and its respective Prepetition Secured Parties is authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) a single, master consolidated proof of claim in respect of the applicable Prepetition Secured Obligations in the manner described in paragraph 44 of the Interim DIP Order or any analogous provision of the Final Order (as defined in the Interim DIP Order) upon entry thereof. In the event of any inconsistency between this Order, on the one hand, and the Interim DIP Order or the Final Order (as defined in the Interim DIP Order), upon entry thereof, on the other hand, the latter shall control.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents.***    Each Proof of Claim must:    (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      ***Section 503(b)(9) Claim.***    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:    (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Original Signatures Required***.  Only ***original*** Proofs of Claim or claims filed electronically through the interface available at www.kccllc.net/VER may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number 18-10834 (KG) or otherwise without identifying a specific Debtor, will be deemed as filed only against VER Technologies HoldCo LLC.

e.   ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

f.   ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than 10 days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by KCC on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either:   (i) electronically through   the   interface   available   at www.kccllc.net/VER or (ii) by first class U.S. mail, by overnight U.S. mail, or other hand delivery system at the following address:

VER Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope to KCC.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.     YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.     YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    AMENDMENTS TO THE DEBTORS' SCHEDULES.

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim; and (b) 5:00 p.m., prevailing Eastern Time on the date that is 21 days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "Amended Schedules Bar Date").

## VII.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which: (a) sets forth the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.    ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on KCC's website at www.kccllc.net/VER. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, KCC, directly by writing to: or contact the Debtors' restructuring hotline at: (877)-634-7163 (toll free) or (424) 236-7219 (international).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Remainder of page intentionally left blank]*

Wilmington, Delaware
Dated: [●], 2018

Domenic E. Pacitti (DE Bar No. 3989)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

-and -

Morton Branzburg (*pro hac vice* admission pending)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

-and-

Joshua A. Sussberg, P.C.
Cristine Pirro (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
          cristine.pirro@kirkland.com

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
          ryan.bennett@kirkland.com

*Proposed Counsel to the Debtors*

## EXHIBIT 3

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[7] | ) | Case No. 18-10834 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. __** |

### NOTICE OF DEADLINES
### FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS
### FOR PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

---

**THE CLAIMS BAR DATE IS JUNE 8, 2018, AT 5:00 P.M. (EASTERN).**

**THE GOVERNMENTAL CLAIMS BAR DATE IS OCTOBER 2, 218 AT 5:00PM (EASTERN)**

---

## PLEASE TAKE NOTICE OF THE FOLLOWING:

*Deadlines for Filing Proofs of Claim.* On [●], 2018, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order")[8] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, Amended Schedules Claims, and Rejection Damages Claims in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| VER Technologies HoldCo LLC | 18-10834 |
| CPV Europe Investments LLC | 18-10841 |
| FAAST Leasing California, LLC | 18-10838 |
| Full Throttle Films, LLC | 18-10837 |
| Maxwell Bay Holdings LLC | 18-10842 |

---

[7]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482).  The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

[8]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

| DEBTOR | CASE NO. |
|---|---|
| Revolution Display, LLC | 18-10839 |
| VER Finco, LLC | 18-10840 |
| VER Technologies LLC | 18-10836 |
| VER Technologies MidCo LLC | 18-10835 |

*The Bar Dates.* Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, corporations, joint ventures, estates, and trusts who have a claim or potential claim against the Debtors, that arose prior to April 5, 2018, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **June 8, 2018, 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). Governmental units who have a claim or potential claim against the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **October 2, 2018, 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").

Amended Schedules Bar Date. All parties asserting claims against the Debtors' estates that are affected by an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (I) the Claims Bar Date or the Governmental Bar Date, as applicable, and (II) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide an amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

Rejection Damages Bar Date. All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable; and (b) 5:00 p.m. prevailing Eastern Time on the date that is 21 days following entry of an order approving such rejection** (the "Rejection Damages Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim.* Each Proof of Claim must be filed, including supporting documentation, so as to be *actually received* by the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC") on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein) either: (i) electronically through the interface available at www.kccllc.net/VER or (ii) by First Class U.S. Mail, by overnight U.S. mail, or other hand delivery system at the following address:

KE 53456686

VER Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

| **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.** |
|---|

*Additional Information.*  If you require additional information about the claims process, have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a Proof of Claim Form or related documents you may do so by:  (i) calling the Debtors' restructuring hotline at (877) 634-7163 (toll free) or (424) 236-7219 (international); (ii) visiting the Debtors' restructuring website at: www.kccllc.net/VER and/or (iii) VER Claims Processing Center c/o KCC 2335 Alaska Avenue, El Segundo, CA 90245.  *Please note* that KCC *cannot* offer legal advice or advise whether you should file a proof of cl

13