IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) | Case No. 18-10834 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: January 18, 2019 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date: February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)**

**SECOND OMNIBUS (SUBSTANTIVE) OBJECTION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007–1**

> **PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT.**
> _____
> **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

The Debtors, and through the merger effectuated via the Plan,[2] Production Resource Group Inc. ("PRG"; together with the Debtors, the "Reorganized Debtor"), by and through its undersigned counsel, hereby objects (the "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims listed on **Exhibit 1** (the "No Liability Claims"), **Exhibit 2** (the Reduce Claims"), and **Exhibit 3** (the "Reduce and Reclassify Claims"; together with the Amended Claims and the Duplicate Claims, the "Objectionable Claims"), to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482). The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

[2] The Debtors' Plan of Reorganization was confirmed by the Court at Docket No. 647.

1

the proposed order (attached hereto as **Exhibit B**), and requests entry of an order substantially in the form attached as Exhibit B. In support of this Objection, the Reorganized Debtor submits the Declaration of Eugene Eskin (the "Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Reorganized Debtor represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Reorganized Debtor confirms its consent pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1.

### Background

**A.    General Background**

4. The Debtors were one of the largest suppliers of rental production equipment and solutions in the world. Corporate, television, cinema, live music, hotel, and sports clients relied on the Debtors for their expansive inventory of equipment, deep expertise, global

reach, and culture of service. The Debtors offered their clients three primary services: pure equipment rental, creation of equipment specified to the client's expectations through the use of internal support resources, and full-service consulting throughout the client's specific event or process. In addition, the Debtors provided custom LED installations for corporate clients, with displays designed to meet such clients' unique specifications. The Debtors and their affiliates operated in approximately 31 locations in North America and four locations in Europe, from which they are able to provide service and support to most of the world.

5. On April 5, 2018 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 58].

6. Additional information regarding the Debtors and these cases, including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these cases, is set forth in the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Reorganization of VER Technologies Holdco LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") [Docket No. 418].

7. On July 26, 2018, the Court confirmed a plan of reorganization (the "Plan") [Docket No. 647]. The Effective Date of the Plan was August 21, 2018 [Docket No. 749].

**B.    General Bar Date**

8. On April 13, 2018, the Debtors filed a motion [Docket No. 96] (the "Bar Date Motion") requesting an order establishing June 8, 2018 (the "General Bar Date") as the deadline for filing claims against the Debtors that arose prior to the Petition Date (including

section 503(b)(9) claims), and October 2, 2018 (the "Governmental Claims Bar Date") as the bar date for Governmental Units. On May 4, 2018, the Court entered an order approving the Bar Date Motion [Docket No. 224] (the "Bar Date Order").

9. The Debtors subsequently served the bar date notice as approved in the Bar Date Order and a proof of claim form on all creditors and equity holders of the Debtors. The certificate of service for the Bar Date Notice is at Docket No. 261.

10. Pursuant to the Bar Date Order, the Debtors also caused notice of the General Bar Date to be published in the New York Times, the Los Angeles Times, and USA Today. Affidavits of publication have been filed with the Court [Docket Nos. 294, 298, and 299].

**Relief Requested**

11. By this Objection, the Reorganized Debtor seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing and expunging the No Liability Claims, identified in **Exhibit 1** to the Proposed Order, in full; (b) reducing the Reduce Claims, identified in **Exhibit 2** to the Proposed Order; and (c) and reducing and reclassifying the Reduce and Reclassify Claims, identified in **Exhibit 3** to the Proposed Order. This Objection is made on substantive grounds under Local Rule 3007–1(d) and complies in all respects with that rule.

12. Each of the No Liability Claims is a claim for which the listed Debtor is not liable. Accordingly, the Reorganized Debtor seeks to disallow and expunge the No Liability Claims.

13. Each of the Reduce Claims is a claim which overstates the amount owed by the estates. Accordingly, the Reorganized Debtor seeks to disallow in part the Reduce Claims and reduce such claims in the amounts indicated on Exhibit 2.

4

14. Each of the Reduce and Reclassify Claims is a claim which overstates the amount owed by the estates, and indicates a priority of payment to which the claim is not entitled. Accordingly, the Reorganized Debtor seeks to disallow in part the Reduce and Reclassify Claims and reduce and reclassify such claims in the amounts and classifications indicated on Exhibit 3.

## Basis for Relief

15. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed under section 501 of the Bankruptcy Code shall be deemed allowed unless a party in interest objects. If an objection is filed, the Court, upon notice and a hearing, shall determine the proper and appropriate amount of such claim. *See* 11 U.S.C. § 502(b).

16. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must provide evidence in sufficient force to negate the claim's prima facie validity. *Id*. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

<u>No Liability Claims</u>

17. The Reorganized Debtor and its representatives have examined the No Liability Claims listed on **Exhibit 1** and, based upon a review of the claims and their attachments, and the Debtors' books and records, the Reorganized Debtor has determined that the No Liability Claims seek recovery for amounts for which the Debtors and estates are not liable.

18. Accordingly, to ensure the accuracy of the claims register and avoid an improper payment on behalf of the No Liability Claims, the Reorganized Debtor requests that the Court disallow and expunge the No Liability Claims from the claims register.

Reduce Claims

19. The Reorganized Debtor and its representatives have examined the Reduce Claims listed on **Exhibit 2** and, based upon a review of the of the claims and their attachments, and the Debtors' books and records, the Reorganized Debtor has determined that the Reduce Claims overstate the amount for which the estates are liable, and the amounts asserted therein should be disallowed in part and reduced in the amounts indicated on **Exhibit 2**.

20. Accordingly, to ensure the accuracy of the claims register, the Reorganized Debtor requests that the Court partially disallow the Reduce Claims and reduce such claims in the amounts indicated on **Exhibit 2**.

Reduce and Reclassify Claims

21. The Reorganized Debtor and its representatives have examined the Reduce and Reclassify Claims listed on **Exhibit 3** and, based upon a review of the of the claims and their attachments, and the Debtors' books and records, the Reorganized Debtor has determined that the Reduce and Reclassify Claims overstate the amount for which the estates are

liable. The amounts asserted therein should be disallowed in part and reduced in the amounts indicated on **Exhibit 3**.

22. In addition to reducing to the proper amount, the Reorganized Debtor seeks to reclassify the Reduce and Reclassify Claims to the proper classification, as their current classification does not accurately represent a valid claim against the estates. If the Reduce and Reclassify Claims are not reclassified, the claimants may receive a recovery inconsistent with their applicable classification, potentially prejudicing other creditors in these cases. No prejudice will result to the holders of the Reduce and Reclassify Claims from the reclassification because they will continue to hold their claims, but will receive the correct treatment for those claims consistent with other similarly situated claimants in the proper classification. The claims should be reclassified to the classes indicated on **Exhibit 3**.

## Responses

### A. Filing and Service of Responses

23. In order to contest the Objection, a claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 North Market Street, Wilmington, Delaware 19801, and must serve such Response so as to be actually received by the undersigned counsel by **January 18, 2019 at 4:00 p.m. (prevailing Eastern Time)** at the following addresses:

(a) the Reorganized Debtor: Joseph T. Moldovan, Esq., Morrison Cohen LLP, 909 Third Avenue, New York, NY 10022-4784; and Laura Davis Jones, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801; and

(b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801.

**B.     Contents of Responses**

24.     Every Response must contain, at a minimum, the following information:

a.     a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;

b.     the name of the claimant and description of the basis for the amount of the claim; a concise statement specifically setting forth the reasons why the claim should not be disallowed by the Bankruptcy Court in the manner set forth in the objection, including, but not limited to, the specific factual and legal bases in support of the Response;

c.     all documentation or other evidence of the claim, to the extent not included with the Claim previously filed with the Court, upon which the claimant will rely in opposing the objection;

d.     the address(es), if different from that or those presented in the claim to which the Reorganized Debtor must return any reply to the Response; and

e.     the name, address and telephone number of the person possessing ultimate authority to reconcile, settle, or otherwise resolve the claim.

**C.     Timely Response Required; Hearing Dates; Replies**

25.     If a Response is properly and timely filed and served in accordance with the above procedures, the Reorganized Debtor will make efforts to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing (the "Hearing") with respect to the Objection and the Response on **February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)**, or such other date and time as the parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing.

26.     If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a Response by no later than **January 18, 2019, at 4:00 p.m. (prevailing Eastern Time)** or does not object to the relief requested in this Objection,

the Reorganized Debtor will file a certificate of no response and submit to the Bankruptcy Court a proposed order substantially in the form annexed hereto.

27. The Reorganized Debtor may, at its option, file and serve a reply to claimant's Response no later than 4:00 p.m. (prevailing Eastern Time) the day before the hearing agenda is due for the Hearing on the Objection.

## Separate Contested Matters

28. To the extent that a Response is filed regarding any Claim identified in this Objection and the Reorganized Debtor is unable to resolve the Response, the objection by the Reorganized Debtor to each such Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## Reservation of Rights

29. The Reorganized Debtor expressly reserves the right to amend, modify, or supplement the Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, omnibus and substantive objections with respect to any of the Objectionable Claims or any other claims filed in these chapter 11 cases, to the extent permitted in the Bankruptcy Code, Bankruptcy Rules, and Local Rules. Should this Objection be dismissed or overruled, the Reorganized Debtor also reserves the right to object to any of the Objectionable Claims on any grounds that governing law permits. Further, any and all affirmative claims the Reorganized Debtors' estates have against any or all of the claimants are specifically preserved and are not affected by this Objection.

### Adjournment of Hearing

30. The Reorganized Debtor reserves the right to adjourn the hearing on any claim subject to the Objection. In the event that the Reorganized Debtor adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on the Objection.

### No Prior Request

31. No previous request for the relief sought herein has been made to this or any other court. This Objection is the Reorganized Debtor's second omnibus objection to claims.

### Notice

32. Notice of this motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) any party filing a notice of appearance and request for service of papers; and (c) each claimant subject to this Objection. The Reorganized Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Compliance with Local Rule 3007–1

33. This Objection and related exhibits comply with Local Rule 3007–1. To the extent that this Court disagrees, the undersigned counsel for the Reorganized Debtor believes that any such deviations are not material and respectfully request that they be deemed compliant.

**Conclusion**

WHEREFORE, for the reasons stated above and in **Exhibits 1 through 3** to the Proposed Order, the Reorganized Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection in all respects and disallowing and expunging, reducing, or reducing and reclassifying the claims identified in **Exhibits 1 through 3** to the Proposed Order, together with such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      January 4, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      pkeane@pszjlaw.com

- and -

Joseph T. Moldovan (*Pro Hac Vice*)
Robert K. Dakis (*Pro Hac Vice*)
David J. Kozlowski (*Pro Hac Vice*)
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Telephone: (212) 735-8600
Facsimile:  (212) 735-8708
Email: bankruptcy@morrisoncohen.com
      rdakis@morrisoncohen.com

*Co-Counsel for Production Resource Group and the Reorganized Debtors*