# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| VER TECHNOLOGIES HOLDCO LLC, *et al.*,[1] | ) Case No. 18-10834 (KG) |
| Debtors. | ) (Jointly Administered) |

### DECLARATION OF EUGENE ESKIN IN SUPPORT OF THE SECOND OMNIBUS (SUBSTANTIVE) OBJECTION PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007–1

I, Eugene Eskin hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I was the Corporate Controller of Full Throttle Films, LLC, one of the Debtors in these proceedings. Since the merger with Production Resource Group Inc., effectuated via the Plan, I have been Corporate Controller of the VER Division of the Reorganized Debtor.

2. In such capacity, I am familiar with the business and operations of the Debtors and the Reorganized Debtors.

3. I am authorized to submit this declaration (the "Declaration") in support of the *Second Omnibus (Substantive) Objection Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1* (the "Objection").[2]

4. I make this Declaration based on my review of the Objectionable Claims

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: VER Technologies HoldCo LLC (7239); CPV Europe Investments LLC (2533); FAAST Leasing California, LLC (7857); Full Throttle Films, LLC (0487); Maxwell Bay Holdings LLC (3433); Revolution Display, LLC (6711); VER Finco, LLC (5625); VER Technologies LLC (7501); and VER Technologies MidCo LLC (7482). The location of the Debtors' service address is: 757 West California Avenue, Building 4, Glendale, California 91203.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Objection.

#8321620 v2 \016594 \0006

referenced in the Objection, together with any supporting or related documentation.

5. I and the appropriate personnel diligently reviewed and analyzed in good faith the Objectionable Claims identified in the Objection.

6. I have familiarity with the claims review process and the related objection process. In that capacity, I have reviewed the Objectionable Claims referenced in the Objection, and am directly familiar with the information contained therein. Additionally, I read the Objection and the proposed order with respect to the Objection. Some of the bases for the Objection contained herein relate to matters within the knowledge of other agents of the Debtors and are based on information I received from them.

7. Each of the No Liability Claims listed on **Exhibit 1** to the Proposed Order is a claim for which the listed estates are not liable.

8. I and other of the Reorganized Debtor's professionals reviewed each claimant's relationship and dealings with the Debtors, the pertinent portions of the Debtors' books and records, the documents attached to the No Liability Claims, and the claims register and determined that the No Liability Claims should be disallowed and expunged from the claims register because the Debtors' estates have no liability with respect to such claims.

9. Each of the Reduce Claims listed on **Exhibit 2** to the Proposed Order is a claim for which the claimant has overstated the amount for which the estates are liable.

10. I and other of the Reorganized Debtor's professionals reviewed each claimant's relationship and dealings with the Debtors, the pertinent portions of the Debtors' books and records, the documents attached to the Reduce Claims, and the claims register and determined that the amounts asserted therein should be disallowed in part and reduced as indicated on **Exhibit 2**.

...

11. Each of the Reduce and Reclassify Claims listed on **Exhibit 3** to the Proposed Order is a claim for which the claimant has overstated the amount for which the Debtors' estates are liable and indicated a priority of payment to which the claim is not entitled.

12. I and other of the Reorganized Debtor's professionals reviewed each claimant's relationship and dealings with the Debtors, the pertinent portions of the Debtors' books and records, the documents attached to the Reduce and Reclassify Claims, and the claims register and determined that the amounts asserted therein should be reclassified and disallowed in part and reduced to match the amounts indicated on **Exhibit 3**.

13. Based upon this information and to the best of my knowledge, I have determined that the Objectionable Claims identified under the column "Claim to be Disallowed" on **Exhibit 1** to the proposed order submitted with the Objection should be disallowed in full because such claims are amended by other claims filed in these cases.

14. Based upon this information and to the best of my knowledge, I have determined that the Objectionable Claims identified under the column "Claim to be Disallowed" on **Exhibit 2** to the proposed order submitted with the Objection should be disallowed in full because such claims are duplicative of other claims filed in these cases.

15. Based upon this information and to the best of my knowledge, I have determined that the Objectionable Claims identified under the column "Claim to be Disallowed" on **Exhibit 3** to the proposed order submitted with the Objection should be disallowed in full because such claims are filed after the General Bar Date established in these cases.

16. Accordingly, based upon my review of the Objectionable Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Reorganized Debtors, the estates, and creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 4, 2019

Respectfully submitted,

Production Resource Group, Inc.

_____
Eugene Eskin
Corporate Controller, VER Division