```
          IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF DELAWARE
```

| | |
|---|---|
| In re: | ) |
| | ) |
| VER TECHNOLOGIES HOLDCO LLC, | ) |
|       et al. | ) Case No. 18-10834 (KG) |
| | ) |
|       Debtors. | ) Chapter 11 |
| | ) Re: Docket 918 |

**DAVID IMLAU'S RESPONSE TO DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007–1**

1. On 4 January 2019, the Debtors objected (the "Objection") to the claim # 480 asserted by claimant David Imlau (the "Claimant") in the amount of $22,981.25 (the "Claim").[1]

2. In the Objection, the Debtors seek to disallow the Claim and/or reduce it to zero pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

3. For the reasons set forth in detail below, Claimant requests that the Court overrule the objection to this Claim and to allow the Claim in the amount set forth therein.

---

[1] The name, address and telephone number of the ultimate decision-maker is David Imlau; 4344 Bootjack Trail; Howell, MI 48843 (323)-580-2095.

**Factual Background**

4. The Claimant is a video engineer who provided services to VER Technologies HoldCo LLC during the Super Bowls XLIX and 50 per the invoices attached to the Claim.

5. Specifically, the Claimant worked as a LED technician on the stage display that were provided by VER, during the Super Bowl Halftime Shows and the preceding rehearsals. Exhibit A provides photos from his involvement at these events.

6. The Claimant sent the first invoice for $12,080.00 on net-14 terms regarding his work on Super Bowl XLIX on 9 February 2015.

7. The Claimant sent the second invoice for $10,901.25 on net-14 terms regarding his work on Super Bowl 50 on 29 February 2016.

8. The Debtors never responded to either invoice, and have never satisfied their indebtedness to the Claimant. This indebtedness formed the basis of the Claim.

**Response to Objection**

9. The Debtors assert that they have no liability for the Claim, and solely cite the Debtors' lack of internal documentary evidence in support.

10. This is an insufficient basis for objecting to the Claim; there is no requirement that the Debtors' internal accounting reflect a claim for it to be allowed or allowable. And the statute and rules cited by the Debtors do not change this fact.

11. There is no basis under U.S. Bankruptcy Code section 502(b) for the disallowance of this Claim. Per this Code provision, the bases are unenforceability; immaturity; objections related to certain tax assessments, professional or insider services, claims excepted from discharge; or objections related to a rental claim or employment; and tardiness. No such allegations are present here.

12. By the same token, Rules 3003 and 3007 also do not provide for the disallowance of claims simply because the Debtors cannot find an internal record of their liability.

13. Indeed, Rule 3007-1 actually undercuts the argument insofar as it permits such a a books and records objection only when the claim "does not include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claim, as contemplated by Fed. R. Bankr. P. 3001(f)." There is no allegation that the Claim is insufficient based on the criteria set forth in Rule 3001.

14. The Debtors have offered no reason not to accept the Claim, and pursuant to Rule 3001(f), the claim constitutes <u>prima facie</u> evidence of the validity and amount of the claim.

### Conclusion

15. This Claim is <u>prima facie</u> valid. It is to be accepted as correct until proved invalid pursuant to Rule 3001. No such proof has been provided. Therefore, the instant objection should be overruled.

WHEREFORE, for all of the foregoing reasons, Claimant, David Imlau respectfully requests that the Court overrule the Objection to Claimant's Proof of Claim and allow such claims in full in the amounts provided in Claimant's Proof of Claim, and grant such other relief as the Court deems just and equitable.

January 19, 2019

>BILLION LAW
>
>*/s/ Mark M. Billion*
>
>Mark M. Billion (DE Bar No. 5263)
>922 New Road
>Wilmington, DE 19805
>Tel: 302.428.9400
>Fax: 302.450.4040
>    markbillion@billionlaw.com